STATE OF MISSOURI, Respondent, v. N. T. CLEVENGER, Appellant.

**St. Louis Court of Appeals, May 3, 1887.**

1. CRIMINAL LAW—INTOXICATING LIQUORS—DRUGGISTS.—A prescription containing intoxicating liquors, written by a druggist who is also a practicing physician, which shows the date in an abbreviated form in common use, and is signed with his initials, is a sufficient compliance with the statute.

2. INSTRUCTIONS—INCONSISTENT.—An erroneous instruction is not remedied by the giving of a correct instruction which is inconsistent and irreconcilable therewith.

APPEAL from the Lawrence County Circuit Court, M. G. McGREGOR, Judge.

*Reversed and remanded.*

JOHN T. TEEL, for the appellant.

W. B. SKINNER, for the respondent.

ROMBAUER, J., delivered the opinion of the court.
The defendant was indicted for selling intoxicating

liquor, as a druggist, in a less quantity than one gallon, without prescription from a regularly registered and practicing physician. He was arraigned, tried, found guilty, sentenced, and appeals.

Upon the trial the state admitted that the defendant was a regularly registered and practicing physician, and the defendant admitted that he was a regularly registered druggist. It was admitted that the defendant did sell whiskey in less quantity than one gallon, to the witness for the prosecution, at or about the time ·stated in the indictment.

The defence rested on the sole ground that the whiskey thus sold was sold upon a prescription, prepared by the defendant, himself, at the time when he sold the whiskey. The prescription was offered in evidence by the defendant, but was ruled out by the court; and this is one of the errors complained of. We see no legal grounds on which the paper, offered in evidence and purporting to be a prescription, was rejected. It substantially conforms to the requirements of the statute. The characters, 12, 16, 84, by common acceptance, and commercial use, mean December 16, 1884, and furnish a sufficient date, and the initials of the defendant's name, N. T. C., appended to the prescription, are a sufficient signature within the purview of the law, when shown to be in the defendant's handwriting. The statute requires date and signature for the identification of the memorandum, and does not contemplate that the paper should be executed with the formality of a deed of conveyance.

The error of the court, in excluding this evidence, would, of itself, have necessitated a reversal, and becomes very prejudicial when taken in connection with the charge of the court. The court instructed the jury, in substance, that, unless the whiskey was sold (if sold) upon a written prescription from some regularly registered and practicing physician, dated and signed, they should find the defendant guilty, and further instructed

them that there was no evidence that the whiskey was sold upon such written prescription. Under this instruction the jury were bound to find the defendant guilty, as the sale was not denied, and the defendant's evidence, tending to show a compliance with the statute, was withdrawn from their consideration.

This error was not remedied by giving an instruction for the defendant that any prescription was sufficient, provided it was made in good faith by the defendant, as a physician. Conceding that this last instruction does away with the necessity of a written prescription, duly dated and signed, and it will appear that it is wholly irreconcilable with the preceding instruction for the state, which demands a written prescription, properly dated and signed, as a condition precedent to a legal sale.

For these errors the judgment must be reversed and the cause remanded. It is so ordered. Thompson, J., concurs; Lewis, P. J., is absent.