State v. Carnahan.

THE STATE OF MISSOURI, Respondent, v. J. L. CARNAHAN, Appellant.

Kansas City Court of Appeals, November 4, 1895.

1. **Druggist:** INDICTMENT FOR SELLING LIQUOR: REGISTERED PHARMACIST. An indictment against a druggist for selling liquor need not charge that he was a registered pharmacist.

2. ——: ——: EVIDENCE: DAY OF SALE. On the trial of an indictment against a druggist for selling liquor, it is proper to admit testimony of a sale on any day within a year prior to the finding of the indictment.

3. ——: ——: PHYSICIAN: STATUTE. On an indictment against a druggist for selling liquor, it is no defense that he was a regular practicing physician; and section 4620, Revised Statutes, 1889, does not apply to a physician who is at the same time conducting a pharmacy and uses his store as a means of furnishing intoxicating liquors.

4. ——: ——: STATUTE. The statute is designed to regulate pharmacists and guard against the illegal sale of intoxicating liquors, and to that end requires prescriptions on which such sales are made to be carefully preserved for the use of the courts.

*Appeal from the Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*C. W. Chase* and *J. T. Dew* for appellant.

(1) The motion to quash the indictment should have been sustained for the reason that the said indictment does not contain the allegation that the defendant was a registered druggist. This allegation must be proven; hence, must be embodied in the indictment. *State v. Green*, 36 Mo. App. 627; *State v. Roller*, 77 Mo. 120 to 128; see, also, *State v. Marchand*, 25 Mo. App. 657; *State v. Basket*, 51 Mo. App. 390 to 391.

(2) Wrightman's evidence should have been confined to the day mentioned in the indictment for the reasons given. *State v. Martin*, 108 Mo. 117; *State v. Cassity*, 49 Mo. App. 300; *State v. Quinn*, 49 Mo. App. 602; *State v. Martin*, 44 Mo. App. 45.

*William T. Jamison* and *George N. Elliott* for respondent.

(1) The first proposition is untenable for the reason that under druggist law of Missouri since 1881, the only kind of a druggist known to the law, is the registered druggist. The authorities cited by appellant support this position. *State v. Green*, 27 Mo. App. 627. (2) All the authorities cited by appellant to sustain the second proposition relate to the rule that the name of the vendee must be stated in the indictment. This is done in the indictment under consideration. There is no authority cited, nor can one be found, which holds that the evidence of sale should be confined to the exact date charged in the indictment. In any case where time is not the essence of the offense, the indictment will be good, although the time of committing the offense be not stated. *State v. Wilcoxen*, 38 Mo. 370; R. S. 1889, sec. 4115; *State v. Wilson*, 39 Mo. App. 184. (3) Appellant contends that section 4620 of the druggists' act, supports his view of the third proposition under consideration. This section clearly refers to physicians who are not also registered druggists or pharmacists. Such physicians may fill their own prescriptions from their own medicines without restriction by any requirements of the druggists' act. Physicians doing business as druggists or pharmacists, as was appellant in this case, are governed by the requirements of section 4623 of the druggists' act. *State v. Clevenger*, 25 Mo. App. 653; *State v. Roller*, 77 Mo. 120.

ELLISON, J.—The defendant, a druggist, was indicted, tried and convicted of selling intoxicating liquor without prescription, etc. Defendant's motion to quash the indictment was overruled. The indictment was as follows: "The grand jurors, etc., upon their oath, present that J. L. Carnahan, etc., on the twenty-fourth day of December, 1893, at, etc., he being then and there a druggist and the proprietor of a drug store, did then and there unlawfully sell intoxicating liquors to one Henry Wrightman, in less quantities than four gallons, to wit, etc., and that said intoxicating liquor was not then and there sold and disposed of on a written prescription first had and obtained from any regular registered and practicing physician, and was not sold or given away for sacramental purposes, nor for art, mechanical, or scientific purposes, and was so sold and disposed of by the said J. L. Carnahan, without taking out or having a license as a dramshop keeper, or other legal authority to sell the same, against the peace, etc."

I.   One of the objections to this indictment is that it does not charge the defendant to have been registered. We think this not necessary. It was held in *State v. Greene*, 27 Mo. App. 626, and *State v. Baskett.* 52 Mo. App. 389, that where a defendant was proceeded against as a druggist, the state must prove that he was registered. But it does not follow that such matter of evidence need be alleged in the indictment. The only person known to the statute as a druggist is one who is registered as such, and to prove him a druggist, you must prove he was registered. We rule the point against the defendant.

II.   The defendant complains of the court's action in permitting testimony of any other day of sale within a year prior to the indictment than the day charged in the indictment. We think such ruling was proper.

It was determined by the court of appeals of St. Louis, and also by the supreme court, that it was necessary to allege the name of the party to whom the liquor was sold. *State v. Martin*, 44 Mo. App. 45; s. c., 108 Mo. 117. But this is altogether a different question. The necessity which is set forth in the foregoing cases as requiring the name of the purchaser to be alleged does not exist in the matter of time. It is sufficient if the time be confined within the period of the statute limitation for such offense. Time is not of the essence of the offense, and we have the statute itself prohibiting an interference with the verdict for such a variance. R. S. 1889, sec. 4115.

III. The defendant further complains that, notwithstanding he was a registered druggist and sold the whisky without written prescription contemplated by section 4621 of the general statutes, yet, since it was shown that he was also a regular practicing physician, he had the legal right to prescribe and sell whisky, in good faith, on his judgment as a physician. In other words, that if defendant, in addition to being a druggist, was a regular practicing physician, he was not amenable to the statute requiring a written prescription. This attempted defense is based on section 4620, Revised Statutes, 1889, reading as follows: "This chapter shall not apply to physicians putting up their own prescriptions, nor to the sale of proprietary medicines."

In our opinion, this statute does not apply to those physicians who are also registered druggists, making the sale at their place of business. In other words, when a druggist sells intoxicating liquor, except in the instances mentioned in the act, it must be based on a written prescription, and he can not escape a violation of the law under the guise of his being also a physician. He can not fairly occupy the two positions at

the same place at the same time. If he is a druggist conducting a "pharmacy, drug store, apothecary shop or store for the purpose of retailing, compounding or dispensing medicines or poisons for medical use," and sells intoxicating liquors therefrom, he must have the written prescription required by the statute of those who follow that occupation. The section of the statute exempting physicians from the regulations of the law relating to druggists, refers to physicians as such, who may follow their profession apart from the mercantile business of conducting a pharmacy or drug store. A practicing physician may also, of course, be the proprietor of a drug store, but if he uses the store as the medium of furnishing intoxicating liquors, he must make out a written prescription, just as though it was to be filled at the store of some other person. We believe this to be a fair inference to draw from section 4623, though it is not necessary to base our conclusion merely on such inference. The statute is designed to regulate pharmacies and drug stores, and to confine them within their legitimate business, as such, by guarding against their making illegal sales of intoxicating liquors. To that end it is provided by section 4622, Revised Statutes, 1889: *"Every* druggist, proprietor of a drug store, or pharmacist, shall carefully preserve all prescriptions, etc., and shall produce the same in court, or before any grand jury whenever thereto lawfully required, and on failing" so to do, shall be punished by fine.

Not having discovered any error in the ruling of the trial court, we must affirm the judgment and it is so ordered. All concur.