THE STATE OF MISSOURI, Respondent, v. J. M. HALE, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Selling Liquor**: DRUGGIST AND PHYSICIAN: GOOD FAITH OF PRE-SCRIPTION. In the trial of an indictment for selling liquor under section 4621, Revised Statutes 1889, where the evidence justifies the trial court in finding that the sale was made without a prescription, it is immaterial whether the alleged prescription was issued in good faith or not.

2. ———: EVIDENCE OF QUANTITY. Evidence that the defendant sold a bottle of beer is sufficient to support. an indictment for selling liquor in less quantities than four gallons.

3. ———: INDICTMENT: EXCEPTIONS. An indictment under section 4621, Revised Statutes 1889, for selling beer need not negative exceptions that refer to wine and alcohol.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*John W. Coots* for appellant.

(1) In order to convict under the indictment in this case, there must be proof of a sale of some specific quantity of intoxicating liquor less than four gallons, and proof of a sale of one bottle of beer is not

proof of the sale of less quantity than four gallons. *State v. Quinn*, 25 Mo. App. 102; *State v. Brosius*, 39 Mo. 534; *State v. Anderson*, 81 Mo. 78; Bishop on Statutory Crimes [2 Ed.], sec. 1039. (2) On appeals in criminal cases the appellate courts will examine the evidence given upon the trial, and will reverse the judgment if the verdict be not supported by the evidence. *State v. Mansfield*, 41 Mo. 470; *State v. Primm*, 98 Mo. 368; *State v. Cougot*, 121 Mo. 458. (3) The good faith of the physician in prescribing the liquor can not be inquired into, and, as a druggist and the proprietor of a drug store, the defendant had the undoubted right to fill the prescription at his own store, and the element of good faith does not necessarily enter into the transaction. *State v. Carnahan*, 63 Mo. App. 244. The defendant in this case is not indicted under section 4623, but under section 4621, Revised Statutes 1889, and under that section a valid prescription, as in this case, is a complete defense to the alleged sale. (4) The indictment in this case is insufficient in law and does not state facts sufficient to constitute any offense under the laws of this state, and does not negative all of the exceptions contained in the clause of the statute defining the alleged offense.

*James W. Coburn* and *Francis M. Wilson* for respondent.

(1) This court will only interfere with the judgment of the trial court upon the ground that the verdict is not supported and authorized by the evidence, where there is a total failure of proof. *State v. Richardson*, 117 Mo. 586; *State v. Maxley*, 115 Mo. 644; *State v. Herman*, 117 Mo. 629; *State v. Banks*, 118 Mo. 117; *State v. Burd*, 115 Mo. 405; *State v. Jackson*, 106 Mo. 181; *State v. Orrick*, 106 Mo. 111; *State v. Howell*,

100 Mo. 628; *State v. Hammond*, 77 Mo. 158. (2) The indictment charges a sale in less quantities than four gallons. The proof in its support is that a bottle of beer was sold and paid for at the time. The court will take judicial knowledge of, and the plain inference is, that a bottle of beer contains less than four gallons. (3) Where a statute defining a public offense by proviso excepts a class from its operation, it is not necessary that the indictment negative the proviso, but such exception may be insisted upon by way of defense. *State v. Smith*, 60 Mo. App. 283; *State v. Crenshaw*, 41 Mo. App. 24; *State v. Seal*, 47 Mo. App. 603.

ELLISON, J.—The defendant was a physician and also a druggist and pharmacist. He was indicted, tried and convicted as a druggist and pharmacist for selling intoxicating liquor in less quantity than four gallons without having a written prescription as prescribed by section 4621 of the statute of 1889 relating to druggists.

The evidence on part of the defendant tends to show that defendant being a physician and also a druggist himself made out the prescription for the purchaser of the liquor, and that it was in proper form. But on the part of the state the evidence was such as that the court, sitting as a jury, might reasonably have found there was no prescription when the sale was made.

It is urged here that the question of defendant's good faith in issuing the prescription was not properly involved under the section of the statute aforesaid on which the indictment is based. Passing by the fact that whatever there was in the case as to defendant's good faith (whether in the evidence or instructions) was put into it by defendant himself, we are of the opinion, as

SELLING liquor: druggist and physician: good faith of prescription.

before stated, that the court was at liberty to find from the evidence in behalf of the state that there was no prescription at all at or prior to the sale, and that the one in evidence must therefore have been made out afterward.   It may be readily conceded that where one, being both a druggist and  practicing physician, issues a prescription as a physician and fills it as a druggist, that his good faith in issuing the prescription could not be inquired into in a prosecution under section 4621.   And that he should be indicted under section 4623 if he is to be prosecuted for issuing a prescription in bad faith for purposes not contemplated by section 4621.   But this view does not help defendant on the record presented, since, as before stated, the court may have found that there was no prescription at all when the sale was made.

2.   It is next urged that there was no evidence that defendant sold a quantity less than four gallons.   The evidence of the prosecuting witness was ——: evidence of quantity.   that he purchased "a bottle of beer" for twenty-five cents and that he drank it in defendant's office.   We deem this statement, in its entirety, sufficient to authorize the court to find the quantity to be less than four gallons.   It is true that the evidence is not as definite as in *State v. Heinze*, 45 Mo. App. 413, where the witness in answer to a question whether he had bought beer in *less* quantity than one gallon, answered:  "*Yes*, I bought three bottles of beer from her one Sunday evening."   Still the testimony as given was sufficient to reasonably draw the inference made by the court that the quantity was less than four gallons.

3.   The indictment does not negative some exceptions contained in section 4621.   But it will be noticed that those exceptions refer to wine and alcohol.   The

Bank v. C. G. W. R'y Co.

—: indictment: exceptions.  indictment here designates the liquor as beer. It was therefore altogether unnecessary to negative matters relating solely to other liquors.

The other objections to the indictment are not well taken and we will affirm the judgment. All concur.