State v. Pollard.

THE STATE OF MISSOURI, Respondent, v. D. S. POLLARD, Appellant.

Kansas City Court of Appeals, November 22, 1897.

Druggists: SELLING LIQUOR: PHYSICIAN: PRESCRIPTION. Where a physician who is also a registered pharmacist operating a drug store is indicted under section 4621, Revised Statutes 1889, for selling liquor, his own prescription preserved according to law and produced in evidence is a complete bar, although the evidence shows that the liquor prescribed was not a necessary remedy and the prescription itself was a false pretense. The prosecution should have been under section 4623.

*Appeal from the Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*J. M. Davis, W. W. Davis* and *Chas. A. Loomis* for appellant.

The good faith of the physician in writing the prescription can not be tried in this action. If he did write it and did sign it, and file it, then he is responsible as a physician for his conduct, but he is not responsible as a druggist for selling without a prescription, but must be prosecuted as a physician for illegally writing and signing the prescription or filling it out at his own drug store under sections 4623 and 4624.

SMITH, P. J.—The defendant was indicted, tried and convicted for the violation of section 4621, Revised Statutes. It appears from the undisputed evidence that he was not only a registered and practicing physician, but also a registered pharmacist, owning and operating a drug store. It further appears that he sold

fifteen bottles of beer on a written prescription signed by himself and which complied in form with the requirements of said section 4621. The prescription was made out before the beer was delivered. It was preserved as required by section 4622, Revised Statutes, and produced in evidence at the trial.

It is quite clearly disclosed by the evidence that the beer was not prescribed as a necessary remedy and that the prescription to that effect was but a false pretense. The court declared on its own motion to the jury that the prescription was no prescription and was of no force or effect whatever. Section 4621, on which the indictment was based, is inapplicable to a case of this kind. The defendant, in his quality as physician, issued the prescription, and in that of druggist filled it. In such case his good faith was not the subject of inquiry. The prescription was a complete defense to prosecution under an indictment based in said section 4621.

The offense shown by the evidence is that comprehended by section 4623, and for a violation of that section the defendant should have been indicted and prosecuted. *State v. Hale,* 72 Mo. App. 78; *State v. Carnahan,* 63 Mo. App. 244.

It follows from these observations that the trial court erred in excluding by its instruction the prescription introduced in evidence. The defendant was indicted under the wrong section of the statute and it therefore results that the judgment must be reversed. All concur.