Town of Hurdland, Appellant, v. B. H. Hardy, Respondent.

St. Louis Court of Appeals, April 12, 1898.

1. Sales of Liquor: TOWN ORDINANCES: DRUGGIST. It is not in the power of the board of trustees of a town to restrict its sales of liquors for medical purposes only.

2. ———: ———: ———. The statutes of the state permit druggists under section 4621, Revised Statutes 1889, to sell alcohol for mechanical purposes, and when the ordinance of a town is silent as to the matter the defendant is not liable for such sales.

*Appeal from the Knox Circuit Court.*—Hon. Ed. R. McKee, Judge.

Affirmed.

H. T. Botts and L. F. Cotty for appellant.

The instructions given for defendant are radically erroneous. Number 1 requires the jury to find, *first*, a sale, and, *second*, a delivery, before they can find defendant guilty. This is erroneous, first, in requiring a sale, because the charge is that defendant "did sell and give away" etc. This charge is based upon an ordinance making it an offense to sell or give away such liquors. Sec. 2, chap. 14, Ordinances of Hurdland. A proof of either a sale or giving away would have been sufficient to sustain a conviction, but by this instruction plaintiff was required to show a sale. But the instruction goes still further and requires plaintiff to show, in addition to a sale, a delivery. This is clearly wrong. Under this instruction plaintiff could not rely upon a giving away, nor would a sale have been sufficient unless accompanied by delivery. A sale may be complete without a delivery. The instruction clearly goes beyond the law in the case. Defendant's instruction number 2 is conspicuous for a similar error. It requires the jury to believe, before convicting, that the defendant gave the whisky and also permitted the same to be drank upon his premises. Under this instruction proof of a sale would not have aided plaintiff, nor would a gift have been enough without further proof that the liquor was permitted to be drank upon the premises. Defendant is not charged with this. It constitutes another and distinct offense. The instruction is clearly wrong. It requires plaintiff to prove two offenses in order to convict of one, and requires proof that an offense

was committed in one way, when proof that it was committed in another way would have been sufficient under the complaint. . Instructions 3 and 5 for defendant were irrelevant. If defendant had been charged with permitting liquor to be drank upon his premises, these instructions would still be faulty in requiring the knowledge or consent of defendant. By thus repeating this error, these instructions impressed it more deeply upon the minds of the jury and the obvious tendency was to confuse them.

G. R. & M. P. BALTHORPE for respondent.

The jury found the defendant not guilty, and their verdict is certainly supported by the evidence in the cause on every charge in the information, and a new trial in this cause could but produce the same result. There is not a scintilla of evidence tending to show that the defendant ever sold or gave to the witness Bowles whisky, which he claims he drank in defendant's place of business. According to his own evidence he went behind defendant's prescription case when defendant was engaged about his business, and did not see him, and had no knowledge of the fact that he was appropriating his property and as to the testimony of the witness Smith it is that he got cough medicine in the back room of defendant's place of business, and it contained in part whisky, and the defendant was not there, and did not give it to him, and it was not paid for. This testimony taken in connection with the testimony of Dr. Howerton, and the defendant, clearly exonerates the defendant from any sale or giving away of whisky to witness Smith, and as to the sale of alcohol to witness Surry for mechanical purposes, it was not a violation of an ordinance of plaintiff, for it has no ordinance on that subject. And where it is

evident that the verdict and judgment is for the right
party appellate courts will not interfere on account of
mistakes of the trial court in giving instructions. Estey
& Camp v. Truxel, 25 Mo. App. 238–247; McGuire
v. Nugent, 103 Mo. 161–172; Haniford v. Kansas
City, 103 Mo. 172–183; Boggess v. R'y, 118 Mo.
328; Torpey v. Independence, 24 Mo. App. 288–296;
Frizelle v. Paint & Oil Co., 24 Mo. App. 529; Skeen
v. Springfield Engine & Thresher Co., 34 Mo. App.
485–500; Barry v. R. R., 93 Mo. 62. The plaintiff com-
plains of the action of the court in modifying its in-
structions by inserting the words, "unless the same
was sold for sacramental or mechanical purposes."
The modifications were certainly proper, and if the
instruction had been given as offered by plaintiff
without the modifications the giving of the same would
have been a reversible error, because the statute of the
state of Missouri for 1889 at section 4621 of chapter 58
provides that druggists may sell alcohol for mechanical
purposes, or wine for sacramental purposes, and the
information upon which the defendant was prosecuted,
charges that said intoxicating liquors were not then
and there sold or given away for sacramental, art,
scientific or mechanical purposes, and these negative
averments in the instructions were strictly proper under
the information and the evidence, and the information
had to contain the negative averments. State v. Spar-
row, 52 Mo. App. 374; State v. Crenshaw, 41 Mo.
App. 24.

BLAND, P. J.—The town of Hurdland has the fol-
lowing ordinance concerning the sale of spirituous,
vinous and fermented liquors by druggists: "Section
4. Such dealer in drugs and medicines may sell or
give away, in any quantity, intoxicating liquors of
any kind when the same are prescribed by a regularly

registered and practicing physician, and then only when such physician shall state in such prescriptions the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy; provided, that any druggist may sell or give away, in good faith, any wine for sacramental purposes.  Any druggist who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction, shall be fined not less than one hundred nor more than five hundred dollars."  The defendant by an amended information was charged with a violation of this ordinance.  The illegal sales were alleged to have been made on different dates to John L. Smith, Noah Bowles and S. C. Surry.  The action originated before the chairman of the board of the town trustees, before whom the defendant was convicted and fined $100.  From this conviction he appealed to the circuit court, where on a trial *de novo* he was acquitted and discharged by the judgment of the court.  From this judgment the town has duly appealed.

*Town ordinance.*

The defendant was the owner of a drugstore in the town of Hurdland, duly licensed as such, and had in his employ a registered pharmacist, Dr. D. L. Howerton.  No clerks or assistants were regularly employed by Hardy.  He testified that when for any reason he had to be temporarily absent from his drugstore, he called in some one to attend to it in his absence.  Howerton was a regular registered and practicing physician, as well as a registered pharmacist, and had his office in Hardy's drugstore.  The testimony of Smith was that one McLaughlin invited him into a back room of the drugstore and he there took some cough medicine which had whisky in it, or it might have been all whisky; that some one he did not know

set out the bottle and a glass, and that he poured the drink into the glass, drank it and walked out. McLaughlin was not called as a witness, nor the person who sat out the glass and bottle. Smith further testified that he had got cough medicine at this drugstore on several occasions before this containing whisky, but that he had got the medicine on prescriptions given him by Dr. Howerton. Dr. Howerton testified that when he put up or compounded medicines for his patients from the stock in the drugstore with his own hands, he did not write a prescription, whether such medicines contained spirituous liquors or not, but he did not testify that he had put up cough medicine for Smith, but that he had prescribed for him. There is therefore no evidence in the record to warrant a conviction for the alleged sale or giving away to Smith. Bowles testified that he walked into the drugstore one morning; that the defendant was bending over the stove taking out ashes, and that one Padgett, in no way connected with the drugstore, motioned his hand toward the prescription case and told him to go back and take something; that he walked back behind the prescription case, found a bottle of whisky setting there among other bottles; that he took a drink and walked out. Padgett says he met Bowles at the door, did not ask him to walk back and take something, but motioned toward the prescription case. Bowles thinks Hardy was near enough to have heard the invitation of Padgett. This evidence is somewhat meager, and not such as juries generally require before they will find a defendant guilty, where they are instructed as was done in this case, that the guilt of defendant must be proven beyond a reasonable doubt. Surry testified that he had bought alcohol from Hardy on several occasions for mechanical purposes, and that he had used the alcohol in his business as a jeweler;

that when he made the purchases he stated to Hardy the purpose for which he wanted the alcohol, but *gave no* written *order*.   The ordinance is silent as to sales of alcohol for mechanical purposes.   The statutes of the state, section 4621, Revised Statutes of 1889, permits sales for such purposes.   It was not with-

SALES of liquor by druggists. in the power of the town board of trustees to restrict its sales for medical purposes only, hence the sale to Surry was not in violation of the ordinance.

Instruction number four is clearly erroneous, which reads as follows:   "4th.   The court instructs the jury, that although the jury may believe from the evidence that the witness Dr. D. L. Howerton, gave to the witness Smith in the drugstore of the defendant, cough medicine containing whisky, yet if the jury believe that said Howerton prescribed and gave to said Smith said cough medicine containing whisky, as a medicine in his ordinary practice as a physician, then the same is no offense and the defendant is not liable therefor."

Dr. Howerton as a practicing physician has the undoubted right to make and fill a prescription containing liquors from his own private stock of medicine, without making out and signing a written prescription, but he has no such right to fill a prescription from the stock of a drugstore, whether it be his own, or the drugstore of some other person.   State v. Carnahan, 63 Mo. App. 244;   State v. Bailey, decided by this court February 15, 1898, (not yet reported) but the jury were not misled by this instruction, for there was no evidence that any of the alleged sales were made by Dr. Howerton, and the instruction was harmless.   The other instructions given by the court are not all technically correct, and there is some seeming contradictions in them, but there was no intricate question of

fact for the jury to pass upon, nor was any instruction given that tended to confuse the jury or to lead them away from the issues in the case. From a review of all the evidence we are of the opinion that the verdict was for the right party and are therefore disposed to overlook technical and unprejudicial errors. Judgment affirmed. All concur.