State v. Bradford.

STATE OF MISSOURI, Respondent, v. R. M. BRADFORD, Appellant.

St. Louis Court of Appeals, March 21, 1899.

1. **Indictment for Violation of Druggist Law**: "REGULAR" AND "REGULARLY" REGISTERED PHYSICIANS. The distinction between a "regular" and "regularly" registered physician is too attenuated for practical application.

2. **Witness, Examination of**: PRACTICE, TRIAL. In the case at bar, a witness was asked as to the general reputation of defendant for honesty and morality; held, that in a criminal case the inquiry should be restricted to the trait of character which is in issue and the trial court correctly ruled that the questions should not be answered.

State v. Bradford.

*Appeal from the Newton Circuit Court.*—Hon. J. C.
Lamson, Judge.

Affirmed.

Lyman W. White and O. L. Cravens for respondent.

The contention of the appellant that the indictment is
bad, is frivolous and without merit. The words "regular"
and "regularly" have the same meaning as defined by the au-
thorities, and as used in the practice in cases of this sort. State
v. Coday, 69 Mo. App. 70. This is an exact copy of the in-
dictment held good by the Kansas City court of appeals. State
v. Carnahan, 63 Mo. App. 244. A misspelled word will not
vitiate an indictment when it is evident what word was in-
tended. State v. Colly, 69 Mo. App. 444. No indictment
shall be deemed invalid which does not tend to prejudice the
substantial rights of the defendant upon the merits. R. S.
1889, sec. 4115; State v. Estes, 70 Mo. 437; State v. Effinger;
44 Mo. App. 83. Book 1, pharmacist record of Newton
county, Missouri, was properly put in evidence as will be seen
by reading the bill of exceptions on this point. This is the
best evidence. Made so by law. Laws of Missouri, 1893, pp.
152, 153. Under section 4114, Revised Statutes, it was held
that there was no variance between the name "A. R. Miller"
and "Al R. Miller." State v. Humble, 34 Mo. App. 343.
There can be no doubt under the authorities but that the court
did not commit error in confining defendant, on the issue as
to his good character, to his general reputation. This is all
the law allows him to put in issue; and he is strictly limited
to his general character as to the trait in issue. Greenl. on
Ev., secs. 54, 55; State v. King, 78 Mo. 555. But it seems
that the character of the party in regard to any particular
trait, is not in issue, unless it be the trait which is involved in
the matter charged against him. Greenl. on Ev. [14 Ed.],
sec. 25; State v. Dalton, 27 Mo. 12. The court did not err
in refusing instructions 9 and 10. Proof can be made of a

sale on any day within one year prior to the finding of the indictment. Time is not the essence of the offense, and the statute prohibits the interference with the verdict for such a variance. The cases below are decisive on this point. R. S. 1889, sec. 4115; State v. Carnahan, 63 Mo. App. 244; State v. Stephens, 70 Mo. App. 544. Under the ruling of the following cases the court did not err in permitting the cross-examination of the defendant. State v. Harvey, 131 Mo. 345; State v. Avery, 113 Mo. 498; State v. Kennade, 121 Mo. 405.

BENTON & STURGIS and HORACE RUARK for appellant.

The court erred in overruling appellant's motion to quash. The words, "regular registered and practicing physician," are not equivalent to a "regularly registered and practicing physician," as required by statute. The charge, regular physician indicates a physician who is regular, while the statute requires that the physician be regularly registered. State v. Baskett, 52 Mo. App. 389. The state introduced no evidence that the Roy M. Bradford named in record, read by the county clerk, was the R. M. Bradford on trial. This was error. The state should have proven that the Roy M. Bradford named, and the R. M. Bradford on trial, were one and the same person. 1 Greenl. on Ev. [14 Ed.], sec. 493; 1 Wharton on Ev. [9 Ed.], sec. 701. The record of the county clerk, introduced in evidence by the state (if the reading of the same by the county clerk can be called introducing it in evidence) was done without any proof of loss of original certificate or notice to defendant to produce the original. This was error for which the judgment should be reversed. State v. Reppetto, 66 Mo. App. 251; State v. Kurtz, 64 Mo. App. 123. The court erred in refusing evidence of the good character of the defendant. State v. Howell, 100 Mo. 628; State v. McNally, 87 Mo. 658. The court erred in limiting the number of defendant's impeaching witnesses as to the reputation of W. W. Chambers, when the

same was a controverted question in the trial. Stewart v. Emerson, 70 Mo. App. 482; 60 Mo. 22. The court erred in permitting improper cross-examination of defendant. R. S. 1889, sec. 4218. The court erred in refusing to give instructions number 9 and 10, to the effect that the jury should disregard the evidence as to any other sale than the one to W. W. Chambers about October 6, which the state fixed upon as the one on which it would prosecute. The indictment under the druggist act must individuate the offense by fixing the time and person to whom the sale is made and the state can not introduce evidence of several distinct sales. The proof can not be broader than the indictment. State v. Huey, 36 Mo. 80; State v. Small, 31 Mo. 197; State v. Martin, 44 Mo. App. 45 and 108; State v. Quinn, 49 Mo. App. 602. It was error for the court to refuse to permit defendant to cross-examine witnesses introduced by the state to sustain the reputation of W. W. Chambers, as to his knowledge of W. W. Chambers having been impeached in a previous trial. 1 Thompson on Trials, 568.

BIGGS, J.—The defendant was indicted, tried and convicted of a violation of the druggist law. He was charged with selling intoxicating liquors to one Chambers without a prescription. The defendant has appealed. He complains that the indictment is insufficient, and that the circuit court committed error in its rulings as to the testimony.

The indictment charges, "that on or about the first day of October, 1896, at the county of Newton and State of Missouri, one R. M. Bradford  *  *  *  did then and there sell intoxicating liquors to one W. W. Chambers  *  *  *  and that said intoxicating liquor was not then and there sold and disposed of on a written prescription first had and obtained from any regular registered and practicing physician," etc. The language of the statute is a "regularly registered and prac-

ticing physician." It is insisted that there is a material difference between a "regular" and "regularly" registered physician, and that therefore the indictment is bad for failing to follow the statute. We must confess our inability to appreciate the force of this assignment. We are unable to see the distinction which counsel make and we will therefore rule the point against the defendant.

Under the druggist law as amended in 1893 (Session Acts 1893, p. 152) it is made the duty of the State Board of Pharmacy to issue to each qualified pharmacist on application a certificate, and before engaging in business in any county a pharmacist is required to have his certificate recorded in the office of the county clerk where he proposes to do business. For the purpose of proving that the defendant was a registered pharmacist or druggist, the state read in evidence the record of a certificate in the clerk's office of Newton county, which purported to be a certificate issued by the State Board of Pharmacy to Roy M. Bradford. The objection that the record was not competent evidence must be overruled. The amended law of 1893 (*supra*) expressly makes the record of a druggist's certificate or a certified copy thereof competent evidence in all courts. The defendant is indicted as R. M. Bradford. The certificate was issued to Roy M. Bradford. The objection is made that the certificate is no proof that the defendant was a registered druggist. As it was admitted that the defendant was the proprietor of a store in Newton county, where drugs and medicines were kept for sale, the certificate was sufficient to establish a *prima facie* case for the state. State v. Quinn, 40 Mo. App. 627.

The indictment charges that on or about October 1, 1896, the defendant made the sale to Chambers. The court admitted proof of a sale to Chambers on October 6, 1896. The indictment was found May, 1897. Complaint is made of the evidence. We decided in State v. Martin, 44 Mo. App. 45, (s. c., 108 Mo. 117) that in an indictment charging a druggist

with the illegal sale of intoxicants, the name of the purchaser must be stated in the indictment. Subsequently the Kansas City Court of Appeals, in State v. Carnahan, 63 Mo. App. 244, held that this ruling did not prevent proof of a sale or sales to the party named in the indictment at any time within one year prior to the finding of the indictment. We are inclined to take the same view of the question, and we will therefore overrule the assignment.

In the examinations of two witnesses as to the character of defendant, counsel asked as to his reputation as a law abiding citizen. On objection of counsel for the state the court ruled that the questions should not be answered. The questions were bad as to form. The inquiry should have been as to the general reputation, etc.

A witness was asked as to the general reputation of defendant for honesty and morality. On objection of plaintiff the court refused to allow the witness to answer the question. In State v. Dalton, 27 Mo. 12, it was decided that in a criminal case the inquiry as to the character of the defendant should be restricted to the trait of character which is in issue. It is very questionable whether the honesty or morality of a man is involved in the illegal sale of intoxicating liquors. But waiving the point, we think that the action of the court, if it may be called an error, was a harmless one. During the trial the character of the defendant was established by the testimony of another witness, and it was not questioned by the state. Under these circumstances we do not think that we would be justified in reversing the judgment for the cause assigned. With the concurrence of the other judges, the judgment of the circuit court will be affirmed.