THE STATE OF MISSOURI, Respondent, v. L. C. LANTZ, Appellant.

**Kansas City Court of Appeals, June 3, 1901.**

**Criminal Law:** SELLING LIQUOR: DRUGGIST: DATE OF SALE: PRESCRIPTION. A proof of sale of liquor any day within twelve months before the finding of the indictment is sufficient, and the sale shown in this case is not authorized by a prescription introduced in evidence.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*E. B. Fields* for appellant.

(1) The prosecution in this case is bottomed on section 3047, Revised Statutes 1899. We submit, that the evidence is too indefinite and is wholly insufficient to support the verdict. It is necessary to allege in the indictment and prove the person to whom the sale was made. State v. Martin, 108 Mo. 117. (2) No good reason is perceived why the State should not also be required to prove the date as laid in the indictment; indeed the same argument given as a reason why the name should be alleged and proven applies with equal or greater force to the question of proving the date. R. S. 1899, secs. 3047, 3048, p. 769. (2) The evidence is insufficient to support the verdict because the witness fails to testify to any day within one year or at any other time when he purchased

liquor from the defendant.    The nearest approach to fixing any
time is when he says, "I presume I purchased liquor in July;"
but he frequently, during his testimony, says he does not
know the day or month, and even says the purchase might
have been made from Leonard.

*Jno. W. Clapp* and *Thomas P. Burns* for respondent.

(1)    Counsel for appellant remarks that the same ar-
gument given as a reason why the name should be alleged and
proved applies with equal or greater force to the question of
proving the date as alleged.    In the case of State v. Carnahan,
63 Mo. App. page 244, the court employs the following lan-
guage:    "It was determined by the St. Louis Court of Ap-
peals and also by the Supreme Court, that it was necessary to
allege the name of the party to whom the liquor was sold."
State v. Martin, 44 Mo. App. 45; s. c., 108 Mo. 117; R. S.
1889, sec. 4115; State v. Bradford, 79 Mo. App. 346.    (2)
We observe that the answers of W. L. Duncan, witness for the
State, show that he was an honest, but as is so often the case in
suits of this kind, a very reluctant witness, and the court, in
this case, sitting as a jury where he could observe the appear-
ance of the witnesses and their conduct while on the stand,
found the defendant guilty beyond a reasonable doubt, and
there being evidence to support the verdict it should not be
disturbed, and the declaration of law in the nature of a de-
murrer offered by defendant at the close of the State's evi-
dence was properly refused.

SMITH, P. J.—The defendant, a druggist, was in-
dicted, tried and convicted for a violation of section 3047,
Revised Statutes 1899.    He seeks by his appeal here to re-
verse the judgment on the ground that the evidence adduced at

the trial was insufficient to support the same.

One Duncan, who was the only witness introduced by the prosecution, testified that he had bought liquor of defendant, in less quantities than four gallons without a prescription, within one year next before the thirteenth day of December, 1899—the day of the filing of the indictment—and that it was sometime during the previous summer. The witness further testified that he was unable to state the precise day or month in which any sale was made to him, but he did state that he purchased and drank liquor in defendant's store sometime during the previous summer, when the weather was warm. He "presumed it was in July." It seems that he made several purchases without a physician's prescription during the summer preceding the finding of the indictment, so that there is little or no question as to the unauthorized sales.

The defendant introduced a physician's prescription dated October 26, 1899, for "Spirits Frumenti, 8 oz.," which was filled for the witness by defendant. It is evident that none of the sales to which the witness testified were authorized by the prescription of October 26. The defendant insists that unless the prosecution proved the particular date laid in the indictment, the defendant could not be convicted. The law is otherwise in cases of this kind. If the offense charged is proved to have been committed on any day within twelve months next before the finding of the indictment, that will suffice. State v. Carnahan, 63 Mo. App. 244; State v. Bradford, 79 Mo. App. 346. The evidence presented was ample to make out a case against defendant under this rule.

The judgment must accordingly be affirmed. All concur.