WEBB CITY, Respondent, v. C. A. PARKER, Appellant.

**Kansas City Court of Appeals, November 9, 1903.**

1. **ORDINANCE: Identification of: Sufficiency of Evidence.** The city clerk gave the city attorney an ordinance, approved by the mayor and attested by the clerk. The journal showed its passage, approval and a copy of the ordinance, and the evidence showed the leaf containing the approval of the mayor and its attestation by the clerk had lately before the trial been torn off. *Held*, the ordinance was sufficiently identified to sustain a prosecution for its violation.

2. ———: **Selling Liquor: Time: Sunday Law.** A sale of liquor may be charged to have been made on one date and proof of any date within a year will sustain a conviction; or the charge may be a certain Sunday and proof of a different Sunday within the year will suffice.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Geo. E. Booth* for appellant.

(1)   The ordinance introduced in evidence in this case consisted of a number of typewritten sheets of legal cap paper fastened together at the top with ordinary paper fastenings and was not in possession of any one having the proper custody of same, and contained no signatures, no certificate, no date and was not sealed with the seal of the city, and was not a printed copy and did not purport to be published by the authority of the city, nor was it certified under the hand of the officer having same in lawful custody. It was not a printed pamphlet or volume purporting to be published by the

authority of the city of Webb City or any
other city, and was improperly received in evi-
dence in this case. R. S. 1899, sec. 3100. (2)
Parol evidence is not admissible to prove the or-
dinance in question, nor to rectify or explain any omis-
sion or defect therein. Keating v. Skiles, 72 Mo. 97.
Courts will not take judicial notice of city ordinances,
they must be proven like other facts. City of Trenton
v. Collier, 68 Mo. App. 483; Lewis v. Roche, 128 Mo.
541. And numerous other decisions familiar to the
court.

*W. J. Owen, Thomas J. Roney* for respondent.

No briefs filed.

SMITH, P. J.—An ordinance of plaintiff city en-
titled "Council Bill No. 259—Ordinance No. 19—Mis-
demeanors," provided that whoever should "keep open
any ale or porter house, grocery or tippling shop, or,
sell or retail any fermented or distilled liquors at any
time on the first day of the week commonly called Sun-
day," should be deemed guilty of a misdemeanor and be
punished by fine, etc. The defendant was prosecuted
and convicted on an information based on the above-
quoted ordinance provision. The cause was removed
into the circuit court where on a trial anew the defendant
was convicted, and from that judgment has appealed
here.

The complaint, while not as formal and specific in
its averments as it might have been is nevertheless we
think sufficient. The evidence was ample to prove the
violation of the ordinance as charged in the complaint.

The defendant insists that the ordinance on which
the prosecution was based was never passed by the
plaintiff city and that there was no valid ordinance in
existence prohibiting the act charged or authorizing the
prosecution. The city attorney testified that the city

clerk, the legal custodian of all the records and papers belonging to the city—Section 5774, Revised Statutes—delivered to him said ordinance No. 19 (Council Bill No. 259) and that he had kept the same in his office; that it was signed by the "mayor," "president of the council, pro tem,"and "clerk;" that the last sheet on which their names were written had within a few days before the trial been torn off and carried away by some one to him unknown, and that it was the original and the only ordinance of the kind in existence. There was no published or certified copy of it.

The city clerk testified that the ordinance in the hands of the city attorney was recorded in the ordinance book in his office and in which all the ordinances were recorded. He produced the journal of the council which showed that at a regular session of the council held on January 20th, 1896, the rules were suspended and said ordinance No. 19 (Council Bill No. 259) was read a second and third time and passed, all the councilmen voting yea. The journal further recites that said ordinance with others was duly approved. This entry was approved by the mayor and attested by the clerk.

The court held, and we think correctly so, that the ordinance was sufficiently proved. It did not purport to be a manuscript copy of the ordinance but the original ordinance itself as passed by the council and approved by the mayor, and it was therefore in our opinion primary evidence. Dillon's Munic. Corp. (4 Ed.), sec. 422; The Town of Tipton v. Norman, 72 Mo. l. c. 385-6. And it was sufficiently identified and proved to establish its binding force and efficacy.

The defendant further complained of the action of the court in refusing an instruction requested by him which, amongst other things, told the jury that it must be proved that sales of intoxicating liquors were suffered to be made by defendant between the hours of six o'clock a. m. and twelve o'clock noon on August 4, 1901, before he could be convicted. It has been repeatedly de-

cided in this State that a conviction under an indictment for selling liquor will be sustained if it appears that the sale was made on any day within one year next before the finding of the indictment.    State v. Carnahan, 63 Mo. App. 244; State v. Bradford, 79 Mo. App. 346; State v. Lantz, 90 Mo. App. 17. Time is not material in the statement of the offense; and therefore a sale may be alleged on one day and the proof may be of a sale on another day.    State v. Small, 31 Mo. 197; State v. Heinze, 45 Mo. App. 403.    It would, therefore, seem to follow that where the charge is that the sale was made on a certain Sunday and the proof shows that it was made on a different Sunday within the year before the finding of the indictment that that would be sufficient to support the conviction.

As was said by us in Columbia v. Johnson, 72 Mo. App. 1. c. 237, ''this case is in no respect analogous in its facts to that of Kirkwood v. Autenreith, 21 Mo. App. 73, where there were several actions for similar offenses and the only distinguishing feature of any one offense from the others was the particular day on which it was committed.    No such difficulty is presented by the record before us in this case.''

It results that the judgment must be affirmed.    All concur.