STATE OF MISSOURI, Respondent, v. MANNING, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. **DRUGGIST: Intoxicating Liquors: Evidence.** On the trial of a druggist and pharmacist charged with selling intoxicating liquors without prescription, the introduction of the defendant's affidavit not to adulterate liquors and his statutory bond as a pharmacist was not prejudicial error.

2. ———: **Selling Intoxicating Liquors: Prescription.** A prescription written by a physician who is also owner of the drugstore where it is to be filled, if it complies in form strictly with section 3047, Revised Statutes of 1899, justifies the sale of intoxicating liquors by such physician as a pharmacist.

3. ———: ———: **Abbreviation.** The requirement of section 3047, Revised States of 1899, that a prescription for intoxicating liquors shall state that it is "prescribed as a necessary remedy" is not met by the use of the initials "P. N. R." and a sale by a druggist on such prescription was unlawful.

Appeal from Audrain Circuit Court.—*Hon. R. D. Rodgers,* Judge.

AFFIRMED.

*P. H. Cullen, W. W. Botts* and *James O. Borrow* for appellant.

(1) The court erred in admitting in evidence the affidavit and bond given by the defendants. This was not relevant to any issue to the case and its tendency was to prejudice the jury against the defendant. The fact that he had taken an oath not to adulterate liquor and given bond to that effect had no tendency to prove any fact charged in the indictment and was offered solely to make the jury believe the defendant was a "liquor dealer" and thereby arouse the prejudice of

the jurors against defendant. State v. Conner, 65 Mo. 374; West v. Posten, 77 Mo. 284; Baker v. Stonebraker, 36 Mo. 338; Watts v. Douglass, 10 Mo. 679; Hohn v. Sweozea, 29 Mo. 199. (2) It is well settled that one who is both a physician and a druggist can sell intoxicating liquors on prescriptions written by himself. State v. Pollard, 72 Mo. App. 230; State v. Hale, 72 Mo. App. 78; State v. Carnohan, 63 Mo. App. 244; State v. Bevon, 52 Mo. App. 421; State v. Bailey, 73 Mo. App. 576; State v. Clevenger, 25 Mo. App. 563. (3) When parties resort to abbreviations such as have been described as a sort of mercantile shorthand parol evidence is always admissible to explain such abbreviated expressions. Bank v. Friche, 75 Mo. App. 178; Fruit Co. v. McKinney, 65 Mo. App. 220; Marshall v. Lynn, 6 M. & W. 118; Berry v. Kowalsky, 27 Pac. 286; Wilson v. Frisbie, 57 Ga. 269; McChesney v. Chicago, 173 Ill. 75; Lacy v. Lumber Co., 43 Iowa 510; Western Union v. Collins, 45 Kan. 88; 21 Ency. of Law (2d Ed.), p. 1106.

*H. L. Bickley, George W. Emmerson* and *John S. Gatson* for respondent.

See section 3047, Revised Statutes 1899; State v. Nixdorf, 46 Mo. App. 494; State v. Bowers, 63 Mo. App. 639; 17 Am. and Eng. Ency. Law, 356; 21 L. R. A. 451; State v. Tetrick, 34 W. Va. 137; State v. Denoon, 34 W. Va. 139; State v. Brikely, 41 W. Va. 460.

REYBURN, J.—Defendant was found guilty upon the first count of an amended information, charging violations of the druggist and dramshop laws, and a penalty of fine in sum of one hundred dollars, imposed upon him; the count upon which trial and conviction were had, in substance, charged that defendant, being a druggist and proprietor of a drugstore, on a date

named, unlawfully sold and disposed of intoxicating liquors in less quantity than four gallons, and particularly to one Henry Rivere. The proof introduced on behalf of the State, established that defendant was a druggist and pharmacist and showed the sale of the liquor by defendant; he undertook to justify its sale by the introduction of two prescriptions, which the court excluded and which are in the following form:

"For H. Rivere:
    Ammon. Chlorid. ..... ...........
    Spts. Frumenti ss, ad, ............. O, ss.
    M. F. S. Sol, ....................
    Sig;-zIV t, i, d P, c.
                    P. N. R.—MANNING.
"5—18—1903, No. 8514."

"For H. Rivere:
    R.
    Ammon. Chlorid. .................. Zss
    Ext. Ipecac, Tld., ................ m xxiv
    Spts. Frumenti I, S—ad............ ot
    M, F, S, Sol,
    Sig;—ZIV t, i, d, P, c,
        P. N. R.—MANNING.
"5—23—1903, No. 8529."

The interpretation of which in ordinary language defendant asserted to be:

"For H. Rivere.
"Recipe.
"Muriate of ammonia twenty grains; whiskey, add a sufficient quantity to make one-half pint; mix and make a solution; directions, tablespoonful three times a day, after meals. Prescribed as a necessary remedy.
   "5—18—1903.            MANNING.
   "No. 8514."

"For H. Rivere.
    "Recipe.
"Muriate of ammonia thirty grains; fluid extract of ipecac twenty-four drops; whiskey, add a sufficient quantity to make one pint; mix and make a solution; directions, tablespoonful three times a day, after meals. Prescribed as a necessary remedy.    MANNING.
"5—23—1903, No. 8529."

1.    As the first steps in the prosecution, the merchant's license issued to defendant by the county of Audrain, together with his affidavit as a pharmacist not to adulterate liquors, accompanied by the bond executed in obedience to the statute, were introduced. The admission in evidence of the affidavit and bond is urged as prejudicial error; the effect of these documents could have extended no further than toward establishing compliance by defendant with the law in the sale of intoxicating liquors, and if indeed not clearly competent as evidence of his proprietorship of the drugstore, in no aspect could they have operated to his prejudice.

2.    The exact wording of the portion of the statute now in force, upon which the prosecution and conviction were based, is as follows:

"No druggist, proprietor of a drugstore or pharmacist shall directly or indirectly sell, give away or otherwise dispose of alcohol or intoxicating liquors of any kind in any quantity less than four gallons for any purpose except on a written prescription, dated and signed, first had and obtained from some regularly, registered and practicing physician and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed and that such intoxicating liquor is prescribed as a necessary remedy."

The purpose of the law is manifestly to guard against unlawful sales of intoxicating liquors by preventing the conversion of drugstores into dramshops

exempt from or evading payment of any licenses, and to regulate them so as to confine their business within lawful bounds, and rigidly restrict them to sales of liquors as remedies for actual diseases, and avoid, as far as practicable, the abuse of sales tolerated in pharmacies for medicinal purposes by exacting as a condition precedent to legalizing such sales, a statement in writing from a registered and practicing physician in good faith, that such liquor was prescribed as a necessary remedy. Such in effect is the view of the statute entertained by the Kansas City Court of Appeals and expressed in State v. Nixdorf, 46 Mo. App. 494. Section 3049, however, by necessary implication, recognizes the right of a physician engaged in business as a pharmacist to act in the two-fold attitude of salesman and physician. That a physician licensed to act as a pharmacist is authorized to act in such dual capacities has been early held by this court. State v. Clevenger, 25 Mo. App. 653; State v. Marchand, 25 Mo. App. 657. If the prescription written by the physician, who is also owner of the drugstore where it is filled, complies strictly with section 3047, it legally justifies the sale or the exception embodied in section 3049 is robbed of meaning or effect; such is also the view repeatedly expressed by the Kansas City Court of Appeals. State v. Carnahan, 63 Mo. App. 244; State v. Pollard, 72 Mo. App. 230; State v. Hale, 72 Mo. App. 78.

3. The sole question then remaining for discussion is whether a prescription employing such abbreviations and medical stenography is sufficient to comply with the law and contains substantially the language made essential by the statute. In State v. Clevenger, supra, the court said:

"The characters 12, 16, 84, by common acceptance and commercial use mean December 16, 1884, and furnish a sufficient date, and the initials of the defendant's name, N. T. C. appended to the prescription are a suffi-

cient signature within the purview of the law, when shown to be in defendant's handwriting. The statute requires date and signature for the identification of the memorandum and does not contemplate that the paper should be executed with the formality of a deed of conveyance.''

In State v. Bowers, 65 Mo. App. 639, the court held a prescription failing to state that liquor was prescribed as a necessary remedy, fatally defective; and in State v. Nixdorf, supra, that the prescription to protect the druggist salesman must state, 'in substance, if not in words, that the intoxicant is a necessary remedy. The statute in explicit terms provides for the wording of the prescription, which may be interposed in justification, and the abbreviated form herein relied on, neither in language nor in substance by use of the initial letters P. N. R. which have neither customary signification nor usual interpretation nor any accepted meaning of which judicial notice can be taken, can be regarded as a sufficient compliance with the law.

Judgment affirmed. *Bland, P. J.* and *Goode, J.,* concur.