STATE OF MISSOURI, Respondent, v. DELL FEL-
LERS, Appellant.

### Kansas City Court of Appeals, April 4, 1910.

1. **INTOXICATING LIQUORS: Instructions: Evidence.** Where
the information charges a sale of intoxicating liquors to a cer-
tain person on a certain day, and the evidence for the State
is of one specific sale to one person on a certain day, it is error
to instruct the jury that they might find a verdict of guilty if
they believed defendant sold liquor on any other day within a
year.

2. **INSTRUCTIONS: Alibi.** Where the court instructs for the de-
fense that if the defendant was not at the place of sale on the
day the evidence for the State tended to show he sold to the
prosecuting witness, but was at a distant place, he should be
acquitted; an instruction authorizing the jury to consider other
dates than that covered by the alibi, contradicts the former,
and is error.

Appeal from Saline Criminal Court.—*Hon. John A.
Rich*, Judge.

REVERSED AND REMANDED.

*Robert M. Reynolds* for appellant.

*Joshua Barbee* for respondent.

ELLISON, J.—Defendant was convicted of the
offense of selling intoxicating liquors in the city of
Marshall, in violation of the provisions of the Local
Option Law. The information charged one sale to have
been made to one Callahan on the 14th day of July,
1909. The same point against the validity of the local
option election in Marshall was made in this case as
in State v. Armstrong, *ante*, 719, and is ruled against
defendant for the reasons therein stated.

The evidence for the State consisted in testimony
of one specific sale by defendant to Callahan on the

specific date, July 14, 1909. The defense was a denial and evidence of an alibi, showing that defendant was not in the city of Marshall on that day, but was in the country at work in a harvest field.

The court instructed the jury, over defendant's protest and exception, that they might find him guilty if they believed from the evidence that he made the sale on any day within a year prior to filing the information. On the other hand, the court gave an instruction No. 5, for defendant, on the matter of the alibi, that if the defendant was not present at the *time and place* stated by the witness Callahan (July 14, at a pool hall in the city of Marshall) it was their duty to acquit.

The instructions are contradictory. One directs a verdict of guilty if a sale was made at any date within a year prior to filing the information. The other directs an acquittal unless the sale was made on one certain date as testified to by the witness for the State. This was error.

In a trial for selling intoxicating liquors, evidence may be admitted of a sale at any time within one year prior to the filing of the information, even though a certain date is charged. [State v. Small, 31 Mo. 197.] Time is not material, so that it is within the period of limitation. [State v. Carnahan, 63 Mo. App. 244; State v. Bradford, 79 Mo. App. 346; State v. Lantz, 90 Mo. App. 15.]

In the case last cited the charge was of a sale at a date named, but the evidence, though within the period of limitation, was indefinite, the witness testifying that he made the purchase some time during the hot weather. This we held would sustain the indictment.

But the present case is not met by any of those cited. Here the evidence is *fixed* and *definite* as to the *one* sale and as to both *time* and *place* of such sale. That sale, at that time and place, was the only issue presented by the State and accepted by the defense. There was, therefore, no foundation upon which to place

an instruction as to any other time as was done by the State.

The judgment must therefore be reversed and the cause remanded. All concur.