STATE v. NOAH TOWNSEND.

*Libel—Indictment.*

1. In an indictment for libel, the alleged libellous matter must be set
   out *according to its tenor*. Tenor imports *identity*, and whenever that
   is destroyed, either by the omission or adoption of any one word,
   however slight the sense may be affected, it is fatal to the indictment.
2. To give the substance is not sufficient; though the misuse or omis-
   sion of a letter which works no such change in a word as to make of
   it a different one, will not be treated as a fatal variance.

(*Whitaker* v. *Freeman*, 1 Dev., 271, cited and approved.)

INDICTMENT for libel, removed from Catawba and tried at
Fall Term, 1881, of CALDWELL Superior Court, before *Sey-
mour, J.*

The defendant is charged with libel on one P. C. Henkel,
the prosecutor. The indictment contains but one count in
which there are but two specifications of libellous matter as
contained in a printed card published by the defendant.
The first is that he published of and concerning the prose-

cutor matters " according to the tenor and effect following, that is to say : It is true P. C. Henkel has been shaking his coon skin in the church paper, and in many other ways endeavoring to manufacture public sentiment in his favor, and to do this, he, the said Henkel, has not only employed his friends as instruments, but has resorted to the foul means of false testimony and secret conspiracy." The second is that in another part of said card, he published of and concerning the prosecutor other matters " according to the tenor and effect following, that is to say ; That which made P. C. Henkel depose falsely on the witness stand at Hickory is the cause of this muss, and we told you in the other sheet what that was, viz : The devil, the father of lies, the source of all ungodly conduct."

On the trial, after making proof of its publication by the defendant, the state solicitor proceeded to read the card to the jury, and when he came to the part embraced in the second specification, the defendant objected to the reading, on the ground that there was a variance between the matter as contained in the card and as set out in the indictment—the variance consisting in the omission in the latter of the word " all," which in the card preceded the words " this muss," but the court holding the variance to be immaterial overruled the objection, and the defendant excepted.

The court instructed the jury that each one of the specifications, as set out in the indictment, contained matter libellous *per se*, to which the defendant also excepted.

Verdict of guilty, appeal by defendant.

*Attorney General*, for the State.
*Mr. M. L. McCorkle*, for defendant.

RUFFIN, J. We fully concur in the opinion expressed by His Honor, that the matter contained in the card and copied into the indictment, is libellous in its nature.

Its tendency to degrade the prosecutor and render him odious, is patent; and therein it comes fully up to the requirements laid down by the authors when defining the offence of libel. Sterner rules are applied to written or printed defamation than to verbal slander, because of the deliberation with which it is perpetrated, and the more permanent and extended consequences attending it.

But it is needless to elaborate this part of the case, since according to our law, an error was committed with reference to the evidence offered and received in support of the second specification, such as entitles the defendant to a trial by another jury.

As contained in that part of the card, the words are as follows: "That which made P. C. Henkel depose falsely on the witness stand at Hickory is the cause of *all this muss,*" &c. As set out in the indictment, they are the same, except that the word "*all*" preceding the words "*this muss,*" is omitted.

According to the current of authorities, beginning with the oldest and extending to the latest, and almost wholly unbroken, *libel* belongs to that class of cases, in which it is held to be absolutely necessary to set out in the indictment the alleged libellous matter *according to its tenor.* *Rex* v. *Burr,* 12 Mod., 218; *Wood* v. *Brown,* 6 Taunt., 168; 1 Russell, 352; 2 Bish. Cr. Pro., § 744; *State* v. *Sweeny,* 10 Sergt. & R., 173; *State* v. *Wright,* 1 Cush., 46; *State* v. *Brownlow,* 7 Hump., 63; *Whitaker* v. *Freeman,* 1 Dev., 271. The reason given for this is, that the court may be able, from an exact knowledge of the contents of the publication as seen in the record, to form its judgment thereon; and that the accused may, if he please, demur, and thus have the opinion of the court, as a question of law, upon the sufficiency of the matter to constitute libel, and thereby avoid submitting it as a mixed question to the jury.

Whenever necessary to be set out in the indictment, the law, to be consistent, must require it to be proved as charged. 'Tis needless to cite authorities for this, or refer to the many cases in which slight variances have been held by the courts to be fatal, as they are all to be found in the text books, and must be familiar.

An unmistakable principle which runs through them all is, that while the misuse or omission of a letter, which works no such change in a word as to make of it a different one, will not be treated as a fatal variance, still, *tenor* imports *identity*, and whenever that is destroyed, either by the omission or adoption of any one word, however slightly the sense may be affected, it will be so regarded.

We are fully sensible of the fact that this strictness of pleading in criminal matters has given rise to much criticism, as having a tendency to obstruct the course of public justice, and we would gladly avoid it in this case if we could. But it is the duty of the courts to administer the law as they find it, and not to amend it. We have no more right to depart from this well established principle, technical though it may be, than from any other well recognized rule of law. Nor are we sure but that, at last, it is the only safe rule to pursue. To admit the substance, only, to be alleged and proved in such cases, would be to open a wide door to conjecture on the part of those, upon whom the duty should devolve of determining when *the substance* had been sufficiently maintained; and soon one deviation from exactness would beget another, until finally all certainty, at which the law wisely aims and which is so imperatively demanded for the safety of the citizen, would be completely lost. The most that can be said against the rule is, that it imposes upon the pleader the exercise of just so much care and circumspection as may be necessary to insure exactness; and surely that can be no good reason for

dispensing with it altogether, at the risk of introducing uncertainty into the administration of the law itself. .

The judgment of the court below is reversed and a *venire de novo* awarded.

Error.                                            *Venire de novo.*