THE STATE OF MISSOURI, Respondent, v. PERRY T. NIXDORF, Appellant.

**Kansas City Court of Appeals, November 9, 1891.**

Criminal Law: DRUGGISTS SELLING LIQUOR: INSUFFICIENT PRE-SCRIPTION. A prescription to protect a druggist in the sale of intoxicants thereon must state in substance, if not in words, that such intoxicant is a "necessary remedy;" and the statement that it is "to be used as a medicine" does not substantially comply with the demands of the statute.

*Appeal from the Miller Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*T. B. Robinson*, with *Moore & Williams* and *W. S. Pope*, for appellant.

The sufficiency of the prescription was a question of law for the court; hence, the first instruction for the state was erroneous, and should not have been given. *State v. Clevenger*, 25 Mo. App. 653; *State v. Roberts*, 33 Mo. App. 524; *State v. Marchand*, 25 Mo. App. 658.

No brief for respondent.

GILL, J.—Defendant was indicted and convicted, as a registered pharmacist, for selling intoxicating liquor in less quantities than four gallons, without a written prescription from a regular registered, practicing physician. His fine was fixed by the jury at $100, and from the judgment thereon the defendant has appealed. A reversal of this judgment is sought on some alleged errors in the court's instructions. We have examined the entire record; and, while the court

below committed error in instructing the jury, we must affirm the judgment, since upon the undisputed facts the judgment was manifestly for the right party.

It stands admitted, that defendant was at the time complained of a registered pharmacist and keeper of a drugstore, and at the same time that he was a registered practicing physician in Miller county. Defendant confesses to the sale of whiskey to the amount of four pints to one Sheppard, but attempts to justify such sale by producing at the trial a prescription which he says he made out himself at the time he sold the whiskey to Sheppard. Said prescription is in words and figures as follows:

"No. 370.              ST. ELIZABETH, MO., 8–25–90.
"For Jasper Sheppard.

"Rx. Spt. Frumenti oz. to be used as a medicine.
"P. T. NIXDORF, M. D."

Now the statute, the violation of which is charged on defendant, provides thus:

"Sec. 4621. No druggist, proprietor of a drugstore or pharmacist shall, directly or indirectly, sell, give away or otherwise dispose of alcohol or intoxicating liquors of any kind in any quantity less than four gallons, for any purpose, except on a written prescription, dated and signed, first had and obtained from a regular registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and *that such intoxicating liquor is prescribed as a necessary remedy.*"

It is clear that the so-called prescription here offered by the defendant fails in an essential particular to fill the requirements of the foregoing statute. Before selling intoxicating liquors in less quantities than four gallons, the druggist or pharmacist must be advised by the certificate, or prescription of a regular registered physician that such intoxicant is a *needed remedy* for some ailment of the party seeking the purchase.

The statute in effect uses the words that the liquor can only be sold in such cases where the physician in the writing shall state that the same is prescribed as a *necessary remedy*. It would be sufficient if the prescription contained this requirement in substance, but here the statement that the liquor is "*to be used as a medicine*" does not substantially comply with the demands of the statute. This law was intended to prevent the conversion of drugstores into non-license-paying dramshops. It intended the druggist to sell liquors as *remedies* for disease only ; and, to hedge about and avoid as much as may be an abuse of the traffic, a condition to every sale was attached, that no druggist could sell except on a statement, upon the professional honor, of a regularly licensed and practicing physician that the liquor was a necessary remedy.

Whatever then may have been errors in giving instructions, the defendant was manifestly guilty of the offense charged, and as the jury fixed his punishment at the lowest prescribed by the statute, he has no cause to complain, and the judgment is affirmed. All concur.