STATE OF MISSOURI, Respondent, v. DOSS GIBSON, Appellant.

St. Louis Court of Appeals, March 12, 1895.

1.  **Dramshop Law**: SALE OF INTOXICATING LIQUORS BY DRUGGIST'S CLERK.   The clerk of a registered pharmacist, who also had a merchant's license, made sales of liquors which were not within the scope of his employer's license as merchant nor within the latter's authority as a pharmacist, and were in violation of the dramshop law.   *Held*, that the clerk was indictable therefor under that law, though he acted in the scope of his employment and as an aid to, and under the supervision of, his employer.

2.  ———: INDICTMENT.   An indictment under the dramshop law for the sale of intoxicating liquors need not specify the person to whom the alleged sale was made, nor negative any defense which might exist under indictments framed under other laws.

*Appeal from the Crawford Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Seay & Woodside* for appellant.

*Cope & Jamison* for respondent.

BOND, J.—Defendant was convicted and fined $40 under the following indictment:

"The grand jurors for the state of Missouri, impaneled, sworn and charged, to inquire within and for the body of the county of Dent and state of Missouri, upon their oath, present and charge that Doss Gibson, on the second day of February, 1893, at and in the county of Dent, Missouri, did unlawfully sell intoxicating liquors in less quantity than three gallons, to wit: One pint of whisky for five cents, one pint of brandy for five cents, and one pint of wine for five cents, one pint of rum for five cents, one pint of gin for five cents, without having taken out or having a license as a dramshop keeper, or any other legal authority to sell the same, against the peace and dignity of the state.                    J. J. COPE,
"Prosecuting Attorney."

On the trial there was evidence tending to show that defendant sold the liquor in the quantities charged in the indictment within one year prior to its finding; that the parties to whom the sales were made had no medical prescriptions therefor; that the defendant was employed in the drugstore of Dr. McMurtrey, who was a registered pharmacist and had a merchant's license; that defendant assisted Dr. McMurtrey in selling goods, and worked under his supervision as an aid; that defendant was instructed generally by his employer

VOL. 61—24

to sell the liquors mentioned in the indictment; that at most, though not all, of the sales made by defendant, Dr. McMurtrey was present, and such sales were made under his directions.

On his appeal to this court the defendant insists, *first*, that under the evidence the indictment, *supra*, was framed under the wrong provision of the statute. He bases this contention on the proof showing (*a*) that he was an aid to Dr. McMurtrey, as provided by Revised Statutes of 1889, section 4611; (*b*) that he was a clerk or salesman, and, therefore, authorized to sell goods of all kinds under the merchant's license held by his employer. As to the first ground of appellant's argument, it may be answered that section 4611, *supra*, was evidently intended as a safeguard to persons using medical prescriptions or poisons. To that end the section makes it unlawful to compound such prescriptions or sell poisons for medical use, except it be done by a registered pharmacist, or, "as an aid to, and under the supervision of, a registered pharmacist." The design of the statute was to insure the safety of the public in the use of drugs and poisons. This is manifest from the precautions taken to secure skill and competency in the dispensation of these dangerous agencies. That it did not contemplate that the aid might sell intoxicating liquors may be seen not only from the language and spirit of the enactment, but also from the provisions of two subsequent sections which define what drugs and poisons may be kept and sold under the restriction set forth in the act in question. These subsequent sections expressly exclude the right to sell intoxicating liquors, except as it is given under another provision of the statute specifically mentioned. R. S. 1889, secs. 4617 and 4618. The section thus referred to as authority for the selling of intoxicating liquors contains an inhibition against the sale

thereof by a "druggist, proprietor of a drugstore or pharmacist." It mentions no other persons, and its penalties are confined to those expressly enumerated. As to these, it may be conceded it furnishes the exclusive ground of indictment for a violation of its provisions. *State v. Piper*, 41 Mo. App. 160; *State v. Ryan*, 30 Mo. App. 159. We are not aware of any principle of statutory construction whereby this section can be held to be leveled against any other than the persons designated therein. Hence we fail to see how defendant, who does not belong to the class specified, can set it up as the measure of his criminality. Our conclusion is that the defendant, being neither "druggist, proprietor of a drugstore nor pharmacist," he was not properly indictable under the act relating to these persons only.

As to the second ground of appellant's position, it is sufficient to say there is no evidence in this record from which it could be inferred that defendant was selling liquors in quantities authorized by the merchant's license held by his employer so as to bring him within the purview of the statute providing for the sale of intoxicating liquors by persons of that calling. R. S. 1889, sec. 6915.

Had defendant belonged to the special class either of druggist or merchant, he could only have been indicted under particular statutes applicable to these respective avocations. As he belonged to neither, he was properly indicted under the dramshop law. Of course, indictments framed under that law need not specify the person to whom the sale charged was made, nor negative any defense which might exist under indictments framed upon different acts. *State v. Martin*, 108 Mo. 117. These conclusions dispose of all the points urged in appellant's brief, and dispose also of other points mentioned in the motion for a new

trial resting on the foregoing argument of appellant. As we are unable to sustain the view presented by appellant's argument, the judgment of the circuit court must be affirmed.

All concur, Judge BIGGS in the result.