## THE STATE v. CHINN, *Appellant.*

### Division Two, February 1, 1898.

1. **Pleading in Criminal Causes:** FORGERY. The defendant was charged in the first count of the indictment with forging, and in the second with uttering, an order for witness fees *"purporting* to be made by Mrs. Austin, to wit, Sue E. Austin." The tenor of the forged instrument is set out in the indictment, which shows the order was signed by "Mrs. Austin." *Held,* that the indictment is fatally defective, in the absence of allegations that by the words "Mrs. Austin" on the order "Sue E. Austin" was meant and intended.

2. ———: ———: ORDER FOR WITNESS FEES. Defendant was indicted for forging and for uttering an order purporting to be signed by "Mrs. Austin" for witness fees in the case of "State of Missouri v. William Sharp, before ———, J. P." The indictment did not state that such suit had ever been pending before any particular justice of the peace, and that Mrs. Austin had been allowed a certain sum as witness fee and that that sum or some other was due her. *Held* to be defective because of the omission of these allegations.

*Appeal from Greene County Criminal Court.*—HON. J. J. GIDEON, Judge.

REVERSED AND REMANDED.

*P. T. Allen* and *W. D. Tatlow* for appellant.

(1) The instrument set forth in the indictment does not purport to have the signature of anyone attached thereto—that is to say, the name, "Mrs. Austin," is not the name of any particular person, and is not the subject of forgery, and could not purport to be the act of any particular person. Bishop's New Crim. Law, p. 465, sec. 766. (2) It has been held in this State in civil cases that a surname without the Christian name is no name at all; *a fortiori* should this be so in a criminal case. *Martin v. Barron,* 37 Mo. 304; *Skelton v. Sackett,* 91 Mo. 377; *Carrigan v.*

*Schmidt*, 126 Mo. 311. (3) The second count charges no offense under the familiar rule that the indictment must contain an allegation of every fact which is legally essential to the punishment to be assessed, or, in other words, that the indictment must distinctly charge the facts which constitute the crime. Nothing can be left to inference or intendment. *State v. Barbee*, 136 Mo. 440; *State v. Stowe*, 132 Mo. 199; *State v. Eads*, 68 Mo. 150; *State v. Tomkins*, 71 Mo. 613; *State v. Fisher*, 65 Mo. 437. (4) The pleader should have gone further and alleged the substantive facts which they offered in proof in the case, to wit, that there was a fee of fifty cents in the hands of the treasurer of Greene county, Missouri, payable to Mrs. Austin, or her legally authorized agent, as a witness in the case of the *State v. Sharp*, or some equivalent allegation, which would show the possibility of defrauding D. C. Henshey, the treasurer of Greene county, Missouri. 8 Am. and Eng. Ency. of Law, p. 523, and cases cited; *State v. Horner*, 48 Mo. 520; 2 Bishop's New Crim. Law, sec. 605, p. 344; *State v. Sherwood*, 58 N. W. Rep. (Iowa) 911; *State v. Humphreys*, 10 Humph. 442.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment is sufficient. *State v. Fisher*, 65 Mo. 407; *State v. Gullett*, 121 Mo. 447; Kelley's Crim. Law, 523; *State v. Pierce*, 136 Mo. 34. (2) There is no variance in the proof here between the signature in the order and the description of the person defrauded, in the indictment and in the proof on the trial. It has been held that if an indictment sets out in full the name of the person whose name is alleged to be forged while the instrument as set out by the tenor shows only the initials of the Christian name, if

the indictment alleges that the two names thus given represent the same person, it is good.  *Shinn v. State*, 57 Ind. 144; 2 McClain's Crim. Law, sec. 799.  (3) It is likewise held that if there is uncertainty in the name signed, and it appears that the signature was an attempt to imitate the genuine signature described in the indictment, a discrepancy between the imitated signature and the real name set out in the indictment is held not to be fatal.  *State v. Nichols*, 38 Iowa, 110; 2 McClain's Crim. Law, sec. 799.  (4) This indictment is good also by virtue of sections 4114 and 4115, Revised Statutes of Missouri, 1889; *State v. Fay*, 65 Mo. 493.  The cases of *State v. Barbee*, 136 Mo. 440, and *State v. Stowe*, 132 Mo. 199, were cases where there was a total variance between the proof and the allegations in the indictment.  R. S. 1889, sec. 4114; *State v. Sneed*, 91 Mo. 560.  (5) The question under our law in this State as to whether or not an instrument is one that is capable of being forged is whether or not the instrument will have the effect upon its face to defraud those who may receive it as genuine, or to defraud the person whose name is forged. *State v. Eads*, 68 Mo. 150; 1 Leach, pp. 431 and 257; 2 Leach, 703; 1 East, P. C. 181n; 1 Moody, 483; 7 C. & P. 549; 9 C. & P. 41; 4 Taunt. Rep. 300; *State v. Fenly*, 18 Mo. 445; *State v. Kroeger*, 47 Mo. 552; *State v. Pierce*, 136 Mo. 34.

BURGESS, J.—At the March term, 1896, of the Greene county criminal court, the defendant was indicted by the grand jury of said county, and charged in the first count of the indictment with forging an order, and in the second count with uttering and publishing the same knowing it to be forged with intent to defraud.  At the July term, 1896, of said court, he was put upon his trial, and acquitted of the crime charged against him in the first count, but was con-

victed under the sec ond count, and his punishment fixed at an imprisonment of two years in the penitentiary. Defendant in due time filed motions for a new trial and in arrest, which being overruled, he saved his exceptions and brings the case here by appeal for review.

The indictment, leaving off the formal parts, is as follows:

"The grand jurors of the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath present that one W. W. Chinn, late of the county and State aforesaid, on the 11th day of January, A. D. 1896, at the county of Greene, and State of Missouri, did then and there unlawfully and feloniously forge, counterfeit and falsely make a certain false, forged and counterfeit instrument in writing, to wit, an order purporting to be the act of one Mrs. Austin, to wit, Sue E. Austin, by which a pecuniary demand and obligation purported to be transferred, which said false, forged and counterfeit order is of the tenor following:

" 'State of Missouri, Plaintiff,

" 'v.

" 'William Sharp, Defendant.

" 'Before ———, J. P., Springfield, Mo., January 11, 1896.

" '*Clerk of the Criminal Court of Greene County, Mo.*:

" 'Pay to Chinn Bros. fees due me as witness in above named case. This order will be honored by criminal clerk of any county to which this case may be transferred.

" 'More or less, $.50.

" 'For value received I assign this claim to Chinn Bros.

" 'Attest:                    MRS. AUSTIN.'

"With intent then and there and thereby feloniously to injure and defraud, against the peace and dignity of the State.

"And the grand jurors aforesaid, impaneled, sworn and charged as aforesaid, upon their oaths aforesaid, do further say and present that one W. W. Chinn, late of the county and State aforesaid, on the 11th day of January, 1896, at the county of Greene, and State of Missouri, and feloniously a certain false and counterfeit instrument in writing, to wit, an order purporting to be made by Mrs. Austin, to wit, Sue E. Austin, by which a pecuniary demand and obligation purported to be transferred by the said Mrs. Austin to Chinn Bros., which said forged, false and counterfeit instrument in writing is of the tenor following:

" 'State of Missouri, Plaintiff,
        " 'v.
" 'William Sharp, Defendant.
" 'Before ————, J. P., Springfield, Mo., January 11, 1896.
" ' *Clerk of Criminal Court Greene County, Mo.:*
" 'Pay to Chinn Bros. fees due me as witness in above named case.
" 'This order will be honored by the criminal clerk of any county to which this case may be transferred.
" 'More or less, $.50.
" 'For value received I assign this claim to Chinn Bros.
" 'Attest:                    MRS. AUSTIN.'

"Feloniously did pass, utter and publish as true, to one D. C. Henshey as treasurer of Greene county, Mo., with intent him, the said D. C. Henshey, then and there and thereby, feloniously to injure and defraud, he, the said W. W. Chinn, then and there well knowing the said instrument in writing and order to be false, forged and counterfeit. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The first question presented for consideration is

with respect to the sufficiency of the indictment.  This question was raised for the first time in the motion in arrest in which it was claimed that the indictment is bad and the same insistence is made in this court. The contention is that the instrument set forth in the indictment does not purport to have the signature of anyone attached thereto; that the name "Mrs. Austin" is not the name of any particular person, is not the subject of forgery, and does not purport to be the act of any particular person.

That there are many Mrs. Austins, is indisputable, and unless the averment in the indictment, to wit, "an order purporting to be made by Mrs. Austin, *to wit,* Sue E. Austin," sufficiently shows that by the words "Mrs. Austin," was then and there meant and intended to mean Mrs. Sue E. Austin, the indictment must be held to be bad for uncertainty, for there is no other averment as to what ¡Mrs. Austin it was whose name is alleged to have been forged, and the evidence clearly showed that it was Mrs. Sue E. Austin to whom the witness fee of fifty cents mentioned in the indictment was due.  What significance then is to be attached to the word "purport?" In the case of *Fogg v. State,* 9 Yerg. (Tenn.) 392, the court, quoting from BULLER, J., in *Gilchrist's* case, 2 Leach, 753, said:   "Old cases have given rise to much learning and argument on the words '*purport*' and '*tenor*' and the books are full of distinctions as to the meaning of ¡these words, and the necessity of using the one or the other of them in indictments where instruments are to be stated, but in the many cases upon the subject I can find no judicial determination that the purport and the tenor should both be stated in any case whatever.  Purport means the substance of an instrument as it appears on the face of it to every eye that reads it, and tenor means an exact copy of it;

and therefore, where the instrument is stated according to its tenor, the purport of it must necessarily appear." 19 Am. and Eng. Ency. of Law, 590; 2 Russell on Crimes [1896 Ed.], 646; *Fogg v. State*, 9 Yerg. (Tenn.) 392.

The order does not purport on its face to be signed by Mrs. Sue E. Austin, but only purports to be signed by Mrs. Austin, and in the absence of other allegations showing that by the words "Mrs. Austin" was meant and intended to mean Mrs. Sue E. Austin, the indictment is fatally defective. *State v. Karlowski, ante,* p. 463.

Now, if the indictment had alleged that the words Mrs. Austin, as used in the order, then and there meant, and were by defendant then and there intended to mean one Mrs. Sue E. Austin, it would in respect to that allegation have been good, but as the order does not upon its face purport to have been signed by Mrs. Sue E. Austin, such averments or others substantially the same were necessary in order to make a good indictment. *Stewart v. State*, 113 Ind. 505.

The mere use of the words "an order purporting to be the act of one Mrs. Austin, to wit, Sue E. Austin," does not sufficiently individuate the person whose name was forged.

The indictment is also defective for the further reason that it does not allege that there ever had been pending before any particular justice of the peace a suit in which the State of Missouri was plaintiff, and William Sharp was defendant, in which Mrs. Austin had been allowed and that there was due her a fee of fifty cents or any other sum as a witness. In *State v. Humphreys*, 10 Humph. 442, the indictment charged that defendant "did feloniously and fraudulently forge a certain paper writing, which said paper writing

is as follows, that is to say, Mr. J. Bostick, you will please charge Mr. J. S. Humphreys' account to us up to this date, February 7, 1849. Twyman & Tannehill, with intent to defraud one R. B. Tannehill, and with intent of him, the said Joseph S. Humphreys, to pass and impose the same upon one John G. Bostick as genuine.'' There was also another count for passing the said forged instrument knowing it to have been forged, and it was held that the indictment was invalid because it did not allege that Humphreys was indebted to Bostick, and that unless a debt existed there could be no fraud. The court said: ''It is evident that to give effect to the order and to authorize the imputation of a fraudulent design in making it (the order) it must appear that said defendant was indebted to said Bostick at the time. The order is not a general one for credit or other thing; but it is specially to charge defendant's account up to that date to the writers. It could not be of any benefit to defendant or prejudice to the other parties, unless the defendant were indebted at the time to Bostick; and it could have no other effect, if genuine, but to discharge that indebtedness. This is an important and material ingredient in the description of the offense charged, and because there is no averment in the indictment of such indebtedness, we think it does not sufficiently charge the offense.'' So in this case, if there was no witness fee due Mrs. Austin, the order could have been no benefit to defendant or prejudice to her, and it could have no other effect, if genuine, than to transfer her right to the fee to Chinn Brothers. For these reasons we reverse the judgment and remand the cause.

GANTT, P. J., and SHERWOOD, J., concur.