# STATE OF MISSOURI, Respondent, v. T. K. PAUL, Appellant.

### St. Louis Court of Appeals, January 29, 1901.

1. **Criminal Law: DRUGGIST, DEFINITION OF: INDICTMENT: STATUTORY CONSTRUCTION: EVIDENCE.** Where there is no evidence that defendant himself was a registered pharmacist or that he had one in his employ, nor is there any evidence that he filled or had filled the prescriptions of physicians at his store, nor any evidence whatever of the amount, value or character of drugs he kept in his store, nor any evidence that he had ever sold a penny's worth of drugs or medicine of any kind, except whiskey, the defendant can not escape punishment for making an unlawful sale of whiskey by claiming that he was a druggist and should have been indicted as such.

2. ————: ————: ————: ————. And the defendant under such evidence is not a druggist within the meaning of chapter 23, Revised Statutes 1899.

3. ————: ————: ————. And but for his license as a merchant, under such evidence, the defendant in proof of sale of whiskey could have been successfully convicted of a violation of the dramshop act.

4. **Practice, Criminal: INDICTMENT, SUPPLYING LOSS OF.** When an indictment is filed it becomes a record of the court, and to supply its loss is a power inherent in the court.

5. ————: ————: ————: PRACTICE, TRIAL. And in the case at bar, the evidence as to the loss of the indictment and that the paper supplied by the prosecuting attorney was a substantially correct copy of the original was sufficient to warrant the court to accept the supplied one in lieu of the original.

Appeal from Webster Circuit Court.—*Hon. James T. Neville, Judge.*

AFFIRMED.

No briefs filed.

BLAND, P. J.—At the September term, 1898, of the Webster Circuit Court, the grand jury returned a true bill of indictment against T. K. Paul, defendant, for a violation of the law in respect to the sale of intoxicating liquors by individuals dealing as merchants under a license. At the following term (March, 1899) defendant took a change of venue from Judge Cox, and Judge Neville of the twenty-third judicial circuit, was selected to preside at the hearing of the cause. Judge Neville appeared at the same term to preside at the trial. On the day of his appearance, according to the evidence contained in the record, the indictment in the cause, with twenty-nine other similar ones, was stolen from the clerk's desk. On learning of the theft of the indictment the prosecuting attorney by leave of the court supplied the stolen one, by filing a substantial copy thereof. A motion to quash the supplied indictment, on the ground that it was not a copy of the original, was filed. Evidence pro and con was heard by the court on the motion. On the proof adduced, the court found the supplied indictment in all essential parts a true copy of the original, overruled the motion and ordered the paper presented as and for a supplied indictment to be filed in lieu of the one stolen. Defendant pleaded not guilty and the issues were submitted to a jury who, after hearing the evidence, instructions of the court and arguments of counsel, returned into court a verdict of guilty, and assessed the punishment by a fine of $150, which defendant was sentenced to pay. After unavailing motions in arrest and for new trial, defendant appealed.

No statement of pleadings or of the facts, no assignment of errors or citation of authorities has been filed by the appellant. The cause is before us on the naked record, without

brief or argument. The record shows that the appellant, within one year next before the filing of the original indictment, sold one pint of whiskey to Clone Moor a witness for the State, for fifty cents and received the pay; that at the time he sold the whiskey he had a merchant's license and kept open a place of business; that on one side of his store-room was kept drugs and medicines; that he kept a small supply of liquors on hand, which he replenished from time to time as needed. That some months prior to the sale to Moor, he had a partner in the business, who was a registered pharmacist, but that before the sale he had bought the interest of his partner and was the sole owner and proprietor when the sale was made. There is no evidence that defendant himself was a registered pharmacist or that he had one in his employ, nor is there any evidence that he filled or had filled the prescriptions of physicians at his store, nor any evidence whatever of the amount, value or character of drugs he kept in his store, nor any evidence that he had ever sold a penny's worth of drugs or medicine of any kind, except whiskey. From the character of the evidence adduced by the defendant, it is evident that he hoped to escape punishment for making this unlawful sale of whiskey, by showing that he was a druggist and should have been indicted as such. To hold the defendant to have been a druggist within the meaning of chapter 23, Revised Statutes 1899, on the evidence in this record, would be ludicrous, and we refuse to dignify a whiskey-shop, with drugs on the side, as a drug store. But for his license as a merchant, the defendant could have been successfully convicted of a violation of the dramshop act. State v. Gibson, 61 Mo. App. 368.

The indictment when it was filed became a record of the court; to supply its loss was inherent in the court. DeKalb Co. v. Hixon et al., 44 Mo. 341; Jones v. St. Joe Fire & Marine Ins. Co., 55 Mo. 342; Exchange Bank v. Allen, 68

Mo. 474; State v. Logan, 125 Mo. loc. cit. 25; Evans v. Fisher, 26 Mo. App. 541. The evidence as to the loss of the indictment and that the supplied paper was a substantially correct copy of the original, was sufficient to warrant the court to accept the supplied one in lieu of the original. Finding no reversible error in the record we affirm the judgment. All concur.