STATE OF MISSOURI, Respondent, v. MRS. JOHN F. JORDAN, Appellant.

St. Louis Court of Appeals, March 4, 1901.

1. **Criminal Law:** CRIMINAL PROCEDURE: SELLING INTOXICATING LIQUORS: DRUGGIST: DRAMSHOP-KEEPER. The law regulating the sale of intoxicating liquors by druggists is confined to persons who occupy that status, and are specified in the statutes (Revised Statutes 1899, section 3047).

2. ———: ———: DRUGGIST, HOW PROSECUTED. And if persons of this class violate this law, they must be prosecuted under the special statutes regulating druggists.

3. ———: ———: PERSONS NOT DRUGGISTS, HOW PROSE-
CUTED. And if persons who are not druggists or pharmacists vio-
late the general laws regulating the sale of liquors, they can not de-
mand to be prosecuted under the druggists' act simply because in so
doing they act at the general request of a licensed druggist who was
not present when the sale was made.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*R. F. Scott* for appellant.

(1) The court erred in overruling defendant's motion
for a new trial. The defendant, the wife of John F. Jordan
and a clerk in his drugstore, was entitled to the same protec-
tion of the law as Jordan, and could make the same defense
as he could have made. State v. McNeary, 14 Mo. App. 410.
(2) Had Jno. F. Jordan been prosecuted under the indict-
ment herein, he could have made the defense that he was a
druggist and being so was not guilty as charged in the indict-
ment. A person who sells intoxicating liquors as a druggist
must be indicted as such, if the sale be contrary to law. State
v. Rafter, 62 Mo. App. 101. (3) The court erred in ex-
cluding the prescription offered in evidence by the defendant.

No brief furnished for respondent.

BOND, J.—Appeal from a conviction for selling whiskey
without license as a dramshop-keeper. The defendant was the
wife of the owner of a drugstore. The purchaser of the whis-
key does not claim that he was provided with a prescription
when he bought it from the defendant in the absence of her
husband, and also in the absence of the pharmacist who it is
alleged was employed to compound prescriptions. It is true
the State offered to show that this pharmacist (who is also a

regularly licensed physician), had signed a prescription for *double* the amount of whiskey sold by the defendant, but it did not offer to prove that the prescription had ever been delivered to the purchaser, nor that it was filled by the defendant under the supervision of said pharmacist. It was clearly irrelevant, and the learned trial court did not err in so ruling.

II. It is insisted that, inasmuch as the owner of the drugstore, had he been indicted for this sale, could only have been proceeded against under the druggist's act (State v. Gibson, 61 Mo. App. 368), therefore, the defendant who was agent in the making of the sale, was likewise only amenable for a violation of the druggist law. This conclusion does not logically follow. The law regulating the sale of intoxicating liquors by druggists is confined to persons who occupy that status and are specified in the statutes. R. S. 1899, sec. 3047. If persons of this class violate this law, they must be prosecuted under the special statutes regulating druggists. If persons who are not druggists or pharmacists violate the general laws regulating the sale of liquors, they can not demand to be prosecuted under the druggist's act simply because in so doing they act at the general request of a licensed druggist who was not present when the sale was made.

The judgment herein is affirmed. All concur.