93 | 521
94 | ⁵120

93 | 521
99 | ⁵ 37
p99 | ⁵376

STATE OF MISSOURI, Respondent, v. WASH HAM-MACK, Appellant.

St. Louis Court of Appeals, April 1, 1902.

1. **Druggists' Act:** PRESCRIPTION FOR INTOXICATING LIQUOR, WHAT IT SHOULD CONTAIN: STATUTORY CONSTRUCTION. Section 3047 of the Druggists' Act, Revised Statutes 1899, defines what a prescription for intoxicating liquor shall contain, and provides that it shall be a written prescription dated and signed by some regularly registered and practicing physician and shall "state the name of the person for whom the same is prescribed and that such intoxicating liquor is prescribed as a necessary remedy."

2. ———: ———: EVIDENCE. In the case at bar, the prescriptions offered in evidence state that the liquor is for medical purposes and a necessary remedy, and substantially comply with the requirements of the statute as to what the prescriptions should contain.

3. **Pharmacist:** AID TO PHARMACIST CAN COMPOUND PRESCRIPTIONS: STATUTORY CONSTRUCTION. Section 3037 of the Druggist Act of Revised Statutes 1899, allows an aid to a registered pharmacist to compound and dispense the prescriptions of physicians under the supervision of the pharmacist.

4. ———: SALE OF INTOXICATING LIQUOR BY DRUGGIST. And section 3047 of the Druggist Act of 1899, permits a "druggist, proprietor of a drugstore, or pharmacist," to sell and dispense intoxicating liquors on the written prescription of a regularly registered and practicing physician.

5. ———. The registered pharmacist in charge of a drugstore is the responsible party in the filling or compounding of physicians' prescriptions, and so long as the aid, in respect to the prescriptions, submits to the supervision of the pharmacist and obeys his orders in dispensing intoxicating liquors on the prescription of a regular practicing physician, he is not amenable to the dramshop law.

6. **Criminal Law:** SALE OF INTOXICATING LIQUOR: INSTRUCTIONS. And in the case at bar, the following instructions prop-

State v. Hammack.

erly declare the law and should have been given to the jury:
"No. 1. The court instructs the jury that if they believe and
find, from the evidence in the case, that the defendant dispensed
the intoxicating liquors testified to by the witnesses in this case
as an aid to and under the supervision and direction of a regularly
registered pharmacist, you will find the defendant not guilty as to
any of the counts in the information." "No. 2. The court instructs
the jury that, if they believe, from the evidence in the case, that
the sales, if any, of intoxicating liquors, made by the defendant.
at B. F. Gladney's drugstore were as an aid to and under the
supervision of a regularly registered pharmacist, you will find.
the defendant not guilty as charged."

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

*W. A. Dudley* and *Martin & Woolfolk* for appellant.

(1)   It was the duty of the court to so declare the law
to the jury in proper instructions, and the failure of the
court to do so was and is reversible error, and this is true
whether the defendant requested the court to give such instruc-
tions or not.   Sec. 2627, R. S. 1899, as amended by an act
approved March 20, 1901 (Session Acts 1901, p. 140); State
v. Stonum, 67 Mo. 596; State v. Jones, 61 Mo. 232.   The
case at bar is very different from the following cases on which
the prosecution rests this conviction, viz.:   State v. Gibson,.
61 Mo. App. 368; State v. Jordan, 87 Mo. App. 467.   (2)
The trial court erred in excluding the prescriptions from
the jury for two reasons:   First.   Because they tended to
prove a lawful sale of said liquors under the facts as shown
by the record.   Secs. 3047 and 3043, R. S. 1899.   Second.
Because the prescriptions were competent evidence as affecting
the credibility of the testimony of the lone witness, J. M.
Watts, and we deem it useless to cite authorities on this point.

State v. Hammack.

*Robt. L. Sutton* for respondent.

(1) Appellant is charged under the dramshop act and he attempts to defend under the druggists' act. This he can not do, as he is neither a pharmacist, druggist nor the proprietor of a drugstore, and the prescriptions offered by him are no defense and were properly excluded by the court, and the State's instruction properly declared the law. Secs. 3037, 3043, 3044, 3047, R. S. 1899; State v. Gibson, 61 Mo. App. 368; State v. Jordan, 87 Mo. App. 466; State v. Davis, 76 Mo. App. 586; State v. Martin, 108 Mo. 117. (2) The State's instruction was sufficient on the question of sale, under the evidence. It was not necessary to declare what facts constituted a sale, or to predicate an instruction on defendant's testimony, as his testimony leaves no doubt that his acts constituted a sale by him, and a sale not justified by law. Hays v. State, 13 Mo. 246; State v. O'Connor, 65 Mo. App. 324; State v. Keith, 46 Mo. App. 625; State v. Houtz, 36 Mo. App. 265. (3) Furthermore, defendant did not at the time of giving the instructions except to the failure of the court to instruct on all questions of law arising in the case, nor did he call the court's attention to it in his motion for a new trial. State v. Paxton, 126 Mo. 514; State v. Woods, 137 Mo. 10; State v. Cantlin, 118 Mo. 111; State v. Fisher, 162 Mo. 172; State v. Rosenburg, 162 Mo. 371.

BLAND, P. J.—Defendant was informed against by the prosecuting attorney of Lincoln county, for a violation of the dramshop act. He was convicted of unlawfully selling one half-pint of whisky to one James W. Watts, in said county.

Watts as a witness for the State testified that on or about August 30, 1901, he went into the store of Ben F. Gladney, in Elsberry, Lincoln county, Missouri, and bought one half-pint of whisky from the defendant for twenty-five cents and

paid him for it; that he had no prescription of a physician for the whisky and that no one was in the store at the time he made the purchase besides himself and defendant; that he made other purchases of the defendant at the same store, one in September and one in July of the same year, but that he had a physician's prescription for each of these purchases.

On the part of the defendant, Ben F. Gladney testified that he owned and conducted a drugstore in Elsberry, Lincoln county, and that defendant was employed by him from the middle of June, 1901, to the last of August of the same year as an aid or assistant to the pharmacist in charge of the store; that he had Dr. McKinistry in his employ as a pharmacist until about the middle of June, 1901, then Dr. Mason until about the first of September, and then he had Dr. Doring, who was in his employ at the time of the trial; that the physicians in his employ were employed to write prescriptions and to wait on customers.

The records in the county clerk's office of Lincoln county were introduced in evidence and showed that Doctors McKinistry, Mason and Doring were registered pharmacists and physicians.

Defendant offered the following prescriptions in evidence:

B. F. Gladney, Druggist.
Elsberry, Missouri.

Prepare for J. M. Watts.

R.

Spts. Frumenti                                                    Oss.

Sig. For medical purposes and a necessary remedy.

No. ———                                  Date, 9-21-1901.

C. A. Doring, M. D.

State v. Hammack.

B. F. Gladney, Druggist.
Elsberry, Missouri.
Prepare for Jas. Watts.
R.
Spts. frumenti                                         OI
Sig. For medical purposes and a necessary remedy.
No. ———                          Date, 7-25-1901.
                        MASON, M. D.

which on objections made by the State were excluded by the court, to which ruling defendant duly objected and excepted.

On his own behalf defendant testified that Watts bought whisky at the drugstore, but that he bought it on a prescription and claimed that he wanted it for medical purposes and that the doctor in charge at the time prescribed the whisky for him, wrote out the prescription and told him (witness) to fill it and that he did fill it under the direction of the doctor; that he saw the doctor write the prescription in the store and file it.

For the State the court gave the following instruction:

"If the jury believe from the evidence that defendant, at the county of Lincoln and State of Missouri, at any time within one year next before the twentieth day of September, 1901, sold to one James M. Watts any intoxicating liquor, in less quantity than three gallons, to-wit: whisky, with or without a prescription from a physician, then you will find him guilty as charged in the tenth count of the information, and assess his punishment at a fine of not less than forty dollars nor more than two hundred dollars."

The defendant asked the following instructions which were refused by the court:

"1. The court instructs the jury that if they believe and find from the evidence in the case, that the defendant dispensed the intoxicating liquors testified to by the witnesses in this case, as an aid to and under the supervision and direc-

tion of a regularly registered pharmacist, you will find the defendant not guilty as to any of the counts in the information.

"2. The court instructs the jury that if they believe from the evidence in the case, that the sales, if any, of intoxicating liquors made by the defendant at B. F. Gladney's drugstore, were as an aid to and under the supervision of a regularly registered pharmacist, you will find the defendant not guilty as charged."

The jury found the defendant guilty and assessed his punishment at a fine of forty-five dollars. A timely motion was filed for new trial which was by the court overruled, whereupon defendant appealed.

The first assignment of error is that the court erroneously excluded the prescriptions as evidence.

A prescription of this kind is in the nature of a special license authorizing the pharmacist, to whom it is presented to be filled, to sell and dispense to the person named in the prescription the quantity of intoxicating liquor called for by it. Being in the nature of a special license, the prescription must substantially correspond with and fill all the requirements of the statute. Section 3047, of the Druggists' Act (R. S. 1899) defines what such a prescription shall contain and provides that it shall be a written prescription dated and signed by some regularly registered and practicing physician and shall "state the name of the person for whom the same is prescribed and that such intoxicating liquor is prescribed as a necessary remedy." The prescriptions offered in evidence state that the liquor is for medical purposes and a necessary remedy. This is not the exact language of the statute but the expression is equivalent to the language used in the statute and, we think, substantially complies with the requirements of the statute as to what the prescription should contain. The State v. Clevenger, 25 Mo. App. 653; The

State v. Nixdorf, 46 Mo. App. 494; State v. Bowers, 65 Mo. App. 639.

Watts testified that he bought liquor of defendant about the twelfth or fifteenth day of September, 1901, and in July of the same year upon prescriptions. The prescriptions offered were dated in these months and therefore tended to prove the July and September sales were legally made by the defendant, provided he was authorized to fill a prescription calling for intoxicating liquor as an aid to a registered pharmacist. Neither of these prescriptions are numbered, and it is contended by the prosecuting attorney that for this reason they were inadmissible. The section 3047, supra, does not require the physician issuing the prescription to number it. This duty is, by section 3048 of the act, imposed on the druggist or pharmacist in charge of the drugstore where the prescription is filled, and the same section makes the omission to perform the duty of numbering prescriptions, by either the druggist or pharmacist, a misdemeanor. The numbering of the prescription is no part of the prescription and need not precede the filling of it. It would meet the requirements of the statute to number it at the time of filing it and after it had been filled.

The evidence of defendant was that he sold no intoxicating liquor except on prescription and by the direction of the doctor in charge of the store. In connection with this evidence and the evidence of Watts, we think the prescriptions should have been admitted in evidence unless, as is contended by the prosecuting attorney and as declared by the court in its instructions to the jury, the law is that an aid to a pharmacist in a drugstore is not authorized to fill a prescription calling for intoxicating liquors, even under the supervision of the pharmacist to whom he is an aid.

Section 3037 of the Druggists' Act allows an aid to a registered pharmacist to compound and dispense the prescriptions of physicians under the supervision of the pharmacist.

And section 3047, supra, permits a "druggist, proprietor of a drugstore, or pharmacist," to sell and dispense intoxicating liquors on the written prescription of a regular registered and practicing physician.

General authority to compound the prescriptions of physicians, under the supervision of a pharmacist, is conferred on the aid by section 3037, supra. Section 3047 (the liquor section) does not restrict this authority or expressly prohibit the aid, under supervision, from filling prescriptions calling for intoxicating liquors, and we conclude that it was not the purpose of the Legislature to confine the filling of these prescriptions exclusively to a registered pharmacist; for if the aid can not fill them under supervision, neither can a druggist nor the proprietor of a drugstore, unless he is a registered pharmacist. In fact, the aid in filling a prescription of a physician, under supervision of the pharmacist, does not in fact, or in legal effect, make a sale of the drugs or liquors purchased. His act is the act of the pharmacist. He exercises no independent judgment of his own in compounding these prescriptions, but is the mere instrument or hand through which it is compounded by the pharmacist, and the pharmacist and not the aid is the responsible party in the transaction. This view does not run counter to the decision in the case of State v. Gibson, 61 Mo. App. 368, wherein it was said that the sales authorized by section 3047, supra, were restricted to druggists, proprietors of drugstores, or pharmacists. Gibson was a clerk and salesman in a drugstore but not a registered pharmacist. He was indicted under the dramshop act. The evidence was that he sold intoxicating liquors without prescriptions under general instructions from his employer to sell to any and every one who might call for liquor. His contention was that he should have been indicted under the act in relation to druggists. On this contention this court very properly held that the case did not come within the Drug-

gists' Act for the reason that Gibson was neither a "druggist, proprietor of a drugstore, nor pharmacist."

It was not ruled in that case that an aid to a pharmacist might not fill a prescription calling for intoxicating liquors, under supervision. That question was not before this court and not in the mind of the learned judge who wrote the opinion, as will appear from a subsequent opinion prepared by him (State v. Jordan, 87 Mo. App. 466) wherein it is inferentially held that an aid might fill such a prescription.

The registered pharmacist in charge is the responsible party in the filling or compounding of physicians' prescriptions, and so long as the aid, in respect to these prescriptions, submits to the supervision of the pharmacist and obeys his orders in dispensing intoxicating liquors on the prescription of a regular practicing physician, he is not amenable to the dramshop law. On the other hand, if he acts on his own motion or under general instructions from his employer (as was the fact in the Gibson case) and sells to all comers, he will be amenable to the dramshop act. Nor can he legally dispense intoxicating liquors on 'a physician's prescription except under the supervision of a registered pharmacist. Such prescriptions are not a license or permit to him to dispense intoxicating liquors, but to the persons mentioned in the statute, to-wit, druggists, proprietors of drugstores, or pharmacists. State v. Gibson, supra.

Instructions Nos. 1 and 2, asked by defendant, correctly stated the law and should have been given. No. 1, given for the State, was erroneous for the reason herein stated.

The judgment is reversed and the cause remanded. *Barclay*, and *Goode, JJ.,* concur.