## STATE OF MISSOURI, Respondent, v. DAVIS, Appellant.

**St. Louis Court of Appeals, February 18, 1908.**

1. **INTOXICATING LIQUORS: Prescription: Druggist.** A prescription which will authorize a druggist to sell intoxicating liquor under the provisions of section 3047, Revised Statutes 1899, must be dated and signed by a regular registered and practicing physician, must contain the name of the person for whom the intoxicating liquor is prescribed and state that such intoxicating liquor is prescribed as a necessary remedy; a prescription which does not meet those requirements is no protection to a druggist in selling intoxicating liquor.

2. ————: ————: **Physician: Information.** A prescription described as follows: "Bearing date the 12th day of September, 1905, for one quart of whiskey, signed A. Davis, M. D.," as set forth in an information charging a physician with a violation of section 3050, Revised Statutes 1899, is not an offense against that section, because it is not a prescription which would protect a druggist in selling liquor under section 3047; the information in such case charges no offense against the law.

Appeal from Stoddard Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions*).

*James Orchard* and *T. H. Maulding* for appellant.

*W. L. Hodge* for respondent.

BLAND, P. J.—The prosecuting attorney of Stoddard county filed an information against defendant containing ninety-five counts, in each of which defendant is charged with a violation of section 3050, of the act concerning druggists. The first count of the information is as follows:

"State of Missouri, v. G. R. A. Davis, Defendant.

In the Circuit Court of Stoddard County, Missouri. September Term, 1905.

"W. L. Hodge, prosecuting attorney within and for the county of Stoddard and State of Missouri, upon his oath of office and upon his knowledge, information and belief, informs the court that G. R. A. Davis, being then and there a licensed and registered physician in said county and State, did on the twelfth day of September, 1905, at said county and State, unlawfully make and issue a certain prescription to one O. B. Miller, for a certain quantity of intoxicating liquors, to-wit: — one quart thereof, which said prescription was and is of the tenor following, to-wit: 'Bearing date the twelfth day of September, 1905, for one quart of whiskey, signed A. Davis, M. D.,' and was issued by said G. R. A. Davis as aforesaid for the unlawful purpose of enabling the said O. B. Miller to obtain said intoxicating liquor to be used otherwise than for medicinal purposes, to-wit: to be used and drunk as a beverage, against the peace and dignity of the State.        W. L. HODGE,
"Prosecuting Attorney."

All the other counts, except as to date of prescription, are an exact copy of the first one. Defendant moved the court to quash each and every count of the information on the ground that it failed to charge any offense known to the laws of the State. The motion to quash was overruled and defendant was put upon his trial, which resulted in a verdict of not guilty on counts Nos. 3, 4, 14, 16, 90 and 95, and a verdict of guilty on all the other counts. A judgment was rendered on the verdict, from which defendant appealed.

The case is here on the record proper and the sole question presented for decision is whether the court erred in overruling defendant's motion to quash the information on the ground that it stated no offense known to the laws of the State. The section (3050) on which the information is bottomed provides: "Any physician, or pretended physician, who shall make or issue any

prescription to any person for intoxicating liquors in any quantity, or for any compound of which such liquors shall form a part, to be used otherwise than for medicinal purposes, or who shall issue more than one prescription at the same time to any one, for intoxicating liquors, or for any compound of which such liquors shall become a part, or who shall make or issue any prescription contrary to any existing law, shall be deemed guilty," etc.   Section 3047 of the act provides:   "No druggist, proprietor of a drug store or pharmacist shall, directly or indirectly, sell, give away or otherwise dispose of alcohol or intoxicating liquors of any kind in any quantity less than four gallons for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy," etc. To comply with the requirements of this section, the prescription must be in writing; it must be dated and signed by a regular registered and practicing physician, must contain the name of the person for whom the intoxicating liquor is prescribed and state that such intoxicating liquor is prescribed as a necessary remedy. The so-called prescriptions set out in the several counts of the indictment are set out according to their tenor, which imports an exact copy.   [State v. Pullens, 81 Mo. 387; State v. Chinn, 142 Mo. 507, 44 S. W. 245; State v. Townsend, 86 N. C. 676.]   The prescription copied in the first count is as follows: "Bearing date the twelfth day of September, 1905, for one quart of whiskey. Signed.   A. DAVIS, M. D."   The tenor of the prescriptions in all the other counts of the information is like this one except as to date.   A prescription conforming to the statute is, in law, a permission,— a sort of license —to the druggist to sell the intoxicating liquor therein

prescribed. A prescription which does not conform to the statute does not authorize a sale and is no protection to the druggist. As was held in State v. Bowers, 65 Mo. App. 639, "A prescription failing to state that the liquor therein described was a necessary remedy is no defense to an indictment against a druggist for selling liquor." See also State v. Nixdorf, 46 Mo. App. 494. The so-called prescriptions copied in the several counts of the indictment fall far short of the requirements of the statute; they are not even good as written orders for intoxicating liquors, for the reason they are drawn on no one and in favor of no one; they are utterly meaningless and devoid of any legal force or effect whatever and furnished no authority to a druggist to sell intoxicating liquor to any one. The information absolutely fails to charge any offense under the section of the statutes on which it purports to have been grounded, and the motion to quash should have been sustained and the indictment quashed.

The judgment is reversed and the cause remanded with directions to the circuit court to set aside the order overruling the motion to quash and to sustain the motion and quash the information. All concur.