STATE OF MISSOURI, Respondent v. E. H. CHINN, Appellant.

**Kansas City Court of Appeals, January 30, 1911.**

1. **INTOXICATING LIQUORS: Prescription: Date.** A prescription, to authorize a druggist to sell intoxicating liquor, must be dated, and a date in these words is sufficient: "Rocheport, Missouri. Date June 21-9," under a charge for selling on that day in the year 1909.

2. ———: ———: **Substantial Compliance.** Where the statute requires a prescription to authorize a sale of intoxicating liquor and that such prescription shall state that it is prescribed as a necessary remedy, a prescription reading: "Whiskey as a necessary remedy," is sufficient. The omission of the words "prescribed as," will not invalidate it.

3. ———: ———: **Signing Prescription: Knowledge.** It is not necessary that a purchaser of liquor of a druggist under a prescription, should see the physician sign it or know that it was signed. If signed before, or at time of sale, it is sufficient. Whether any one saw it signed is of no consequence.

4. ———: **Instructions: Comment.** Instructions commenting on the evidence and directing special attention to certain parts, are erroneous. And an instruction submitting a hypothesis of which there is no evidence, is improper.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

REVERSED AND REMANDED.

*F. G. Harris* and *W. H. Rothwell* for appellant.

*L. T. Searcy* and *H. D. Murray* for respondent.

ELLISON, J.—The defendant is a druggist and was convicted for selling intoxicating liquor in less quantities than four gallons, to James Stewart, without a prescription, in violation of the local option statute.

It appears that defendant is not only a druggist, but a physician as well. The only evidence worthy of consideration relates to two sales to Stewart, one on June 21, 1909, and the other a week thereafter, on June 28th, and it was upon these sales the case was tried in the circuit court. The accused admitted both these sales and relied in defense upon a prescription for each. Two objections are made to the prescriptions, one that they are not dated, and the other that they do not state the liquor to be prescribed as a necessary remedy. The statute (sec. 3047, R. S. 1899; sec. 5781, R. S. 1909) forbids a sale "except on a written prescrip· tion, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy." The objection as to date is met by the prescriptions themselves in these words and figures: "Rocheport, Missouri. Date June 21- 9." The figure "9" is used evidently as an abbreviation of the full figures "1909", and we think is sufficient.

The other objections relates to the following: "a necessary remedy;" the supposed defect is that the words "prescribed as" are omitted. We think such defect not of sufficient substance to destroy the paper as a prescription. Undoubtedly it would sustain a prosecution under section 5783 and 5784 for a false or fraudulent prescription not given in good faith. The trial court admitted them in evidence, and under the cases of State v. Nixdorf, 46 Mo. App. 494, and State v. Hammack, 93 Mo. App. 521, was fully justified in doing so.

Instructions for the state contained harmful error. One stated that if the prescriptions were signed without the knowledge of Stewart, they were no defense. If signed before the sale, it is not necessary that the purchaser saw the signing or knew that they were signed.

Another submitted to the jury as an issue, whether the prescription of June 21st had been prepared and filed after the sale. There was no evidence upon which to base it, and, properly it had no place in the case.

Another part of the same instruction selected certain parts of the evidence, by special reference thereto, and submitted it to the attention of the jury. And another part directed the attention of the jury to a certain witness and to what he stated. The result of these things, was special comment as well as argumentative; things forbidden by the law.

The judgment is reversed and the cause remanded. All concur.