# STATE OF MISSOURI, Respondent, v. B. W. HENSLEY, Appellant.

### St. Louis Court of Appeals, April 15, 1902.

Common Law: ALLEGED SALE OF INTOXICATING LIQUORS BY PHYSICIAN AND DRUGGIST. In the case at bar, appellant is a registered pharmacist conducting a drugstore in the town of Arlington, Phelps county, Missouri, and also a licensed physician. In April, 1900, he sold a pint of whiskey to Crow Hance, and was indicted by the grand jury for selling it without a prescription being first given therefor by a regular physician. His defense was that he wrote the prescription as a physician and filled it as a druggist and a pharmacist, and that the prescription thus made out by him constitutes a complete defense to this prosecution:

*Held,* that under the evidence in this case, the defense is one of numerous and every-varying shifts to evade the statutes leveled against illegal sales of intoxicating liquors and that appellant was properly convicted.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Crites & Garrison* for appellant.

(1)   Instruction No. 3, given for the State, is erroneous for two reasons:   (a)   Because it makes the pharmacist who filled the prescription liable for the act of the physician who issued the same.   (b)   Because it presents an issue to the jury not warranted by the evidence, i. e., that the prescription introduced in evidence was written by the defendant after the sale was made.   (2)   Under the statute on which this prosecution is based, the pharmacist can not be held liable for his acts as a physician.   Ample provision is made to cover the illegal acts of the physician by section 3049, Revised Statutes 1899.   State v. Pollard, 72 Mo. App. 230; State v. Hale, 72 Mo. App. 78; State v. Carnahan, 63 Mo. App. 244.   (3) The motion in arrest should have been sustained.   A case exactly on all fours with this case, is the case of State v. Pollard, 72 Mo. App. 230, in which all the issues arising in this case are fully discussed.   (4)   The defendant in his quality as a physician, issued the prescription, and in that of a druggist filled it.   In such a case his good faith was not the subject of inquiry.   The prescription was a complete defense to prosecution under an indictment based in said section 4621. The offense shown by the evidence is that comprehended by section 4623, and for a violation of that section the defendant should have been indicted and prosecuted.   State v. Hale, 72 Mo. App. 78; State v. Carnahan, 63 Mo. App. 244.

*J. A. Watson* for respondent; *W. C. Kelly* of counsel.

(1)  The indictment is sufficient.  It charges the offense in the language of the statute.  R. S. 1899, sec. 3047.  (2) The appellant complains of the action of the court in giving instruction No. 3 on the part of the State, for the reason that it makes the pharmacist who filled the prescription liable for the act of the physician who issued the same.  And he further complains of said instructions for the reason that it draws in issue the question of the good faith of the physician who issued the prescription.  It is immaterial in this case as to whether the court confounded these two personages or not, or whether or not by the instruction he drew in issue the question of the good faith of the physician.  In the trial of an indictment for selling liquor under section 3047, Revised Statutes 1899, where the evidence justifies the trial court in finding that the sale was made without a prescription, it is immaterial whether the alleged prescription was issued in good faith or not.  State v. Hale, 72 Mo. App. 73.

GOODE, J.—Appellant is a registered pharmacist conducting a drugstore in the town of Arlington, Phelps county, Missouri, and also a licensed physician.  In April, 1900, he sold a pint of whiskey to Crow Hance and was indicted by the grand jury for selling it without a written prescription being first given therefor by a regular physician.  His defense was that he wrote the prescription as a physician and filled it as a druggist and pharmacist, and that the prescription thus made out by him constitutes a complete defense to this prosecution; but our examination of the evidence has convinced us it was one of numerous and ever-varying shifts to evade the statutes leveled against illegal sales of intoxicating liquors.

In the present instance the contention is that if Hance was not ailing when he bought the whiskey, and the prescription was not issued in good faith, defendant should have been

indicted for issuing a false prescription under section 3049 of the Revised Statutes, instead of for making an illegal sale of whiskey without a prescription under section 3047, and the case of State v. Pollard, 72 Mo. App. (K. C.) 230, is cited in support of this contention, in which it was held that the good faith of a physician in issuing a prescription is not the subject of inquiry when the prosecution is for a violation of the latter section.   It looks very much to us like a man who issues a bogus prescription for whiskey as a physician and then fills it as a pharmacist, is guilty of two crimes instead of one and ought to be amenable for both of them.   But the question is not important here; for an examination of the instructions given to the jury shows the circuit court tried the case in accordance with the law as declared in State v. Pollard, from which the present case is distinguished by the fact that Pollard proved he wrote out and signed the prescription before he sold the liquor, while there is evidence in the record before us tending strongly to prove Hance neither asked for, needed, nor got, a prescription; but that the liquor was sold to him without any idle ceremony being performed and the prescription put in evidence, afterwards made out and filed by the defendant.

On the objection of the appellant the court below excluded all evidence tending to show Hance was not sick or that the prescription was issued in bad faith, and at the conclusion of the testimony, instructed the jury substantially as follows:

First.   That if they believed from the evidence the defendant was the proprietor of a drugstore and a registered pharmacist of Phelps county, and sold the prosecuting witness whiskey in a less quantity than four gallons without *first* having a prescription from some regular and practicing physician stating said liquor was a necessary remedy, they should find the defendant guilty.

Second.   That although a prescription signed by the

pharmacist who sells liquor is a complete defense if such person was a regular practicing physician; yet in order to be available as such defense it must be issued before the sale of the liquor, and that if the prescription introduced in evidence was signed without the knowledge of Hance and without any request therefor, or was written by the defendant after the sale of the liquor, then it was no defense to the charge.

Third. That if the defendant was a duly registered pharmacist owning and operating a drugstore and also a licensed physician and as such regular and practicing physician issued his prescription to the prosecuting witness at the request of said witness or any person for him, and as such registered pharmacist filled the prescription, then the prescription was a complete bar to the prosecution even though the jury believed and found from the evidence that it was a false pretense and the liquor was not a necessary remedy.

The criticism made of the first of the foregoing instructions is that it introduced a false issue because there was no evidence to prove the prescription was written after the sale was made. This assignment of error is best disposed of by quoting a portion of the testimony of Hance and a witness by the name of Hopkins, who was present when the sale was made.

Hance testified as follows:

"Q. Did you make any request to B. W. Hensley for a prescription? A. Not at the time, as I remember anything about.

"Q. You did not have a prescription at all when you got the whiskey? A. No, sir.

"Q. You did not know whether there was any prescription filed there before you got the whiskey or not, did you? A. No, sir.

"Q. Now, do you know whether or not you asked for a prescription? A. I am satisfied that I did not."

Hopkins testified:

"Q.   Do you know whether or not Mr. Hance had a prescription from a doctor prescribing that as a remedy ?   A. I never saw a prescription or heard anything said about one."

The defendant himself when asked if he prescribed for Hance before he sold the liquor, instead of answering directly that he did, merely answered that he always prescribed beforehand.   The contention of appellant on this point is frivolous and will be overruled.

The second instruction is complained of on the same ground as the foregoing and for the further reason that "it makes a pharmacist who filled the prescription liable for the act of the physician who issued the same."   That argument is unintelligible when applied to the present case, where the so-called physician and pharmacist are one and the same person.   The instruction was sound, as there was evidence to justify a finding that the sale was made without a prescription and it was immaterial that one was written after the sale was made, even if it was issued in good faith.   The law refuses to accept a *nunc pro tunc* prescription.   State v. Hale, 72 Mo. App. (K. C.) 78.

The error assigned on account of giving the last-mentioned instruction is that the court refused to give it as requested by the appellant, but interlined words importing "that the prescription must have been issued at the request of Hance or some other person for him."   That amendment did not, in our opinion, render the instruction faulty in view of the facts of the case.   We do not understand the law to be that a physician who is running a drugstore as a pharmacist has a right, *sponte sua,* to prescribe for any person, hale or sick, who happens to come round and then proceed to sell whiskey on the strength of his professional officiousness.   If a prescription for an intoxicant issued by a physician, to be filled by himself as pharmacist, is to be anything more than a pretext for illicit sales, it certainly ought to be the honest expression of his judgment as a physician concerning the remedy his patient

needs. There is a palpable difference between the case where a pharmacist is a different person from the physician and has to rely on the latter's direction and a case where the pharmacist and the physician are the same person. The solicitude exhibited by the appellant's counsel lest the courts shall "confound this dual personage and lay the blame for the unlawful act of the physician on the head of the pharmacist," is uncalled for.

Said instruction is criticised further because "it seeks to destroy the sanctity and confidential nature of the acts and communications between physicians and patients so jealously guarded by our jurisprudence. . . . The law does not require that a pharmacist shall know that the party to whom a prescription is issued has requested the same from a physician; a requirement of this kind would require the pharmacist to break down the confidential nature of the relation of physician and patient. He will not be guilty of this section of the statute if he does not ascertain this fact; all that he is required to know is that his prescription is regular and properly signed." All the foregoing is little less than absurd in view of the fact that Hensley was both physician and pharmacist, unless he could be thought, as his counsel argue, to know secrets as a physician which he was ignorant of as a pharmacist.

Finding no error in the record, the judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.