STATE OF MISSOURI, Respondent, v. WILLIS, Appellant.

St. Louis Court of Appeals, December 17, 1907.

DRUGGIST: Physician as Druggist: Prescription After Sale.  A physician may be the proprietor of a drug store and a registered pharmacist, and may fill his own prescriptions calling for intoxicating liquors, or drugs such as cocaine, which can only be sold upon prescription; but he cannot sell those articles and afterwards make out a prescription to cover the sale.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*John T. Murphy* for appellant.

A druggist who is also a licensed physician has a right to fill a prescription made by himself in good

faith as a needed medicine for a sick person.. State v. Carnahan, 63 Mo. App. 244; State v. Pollard, 72 Mo. App. 230; State v. Hensley, 94 Mo. App. 151.

*Phillips W. Moss* for respondent.

BLAND, P. J.—Section 1, of an act passed by the General Assembly and approved March 9, 1905, is as follows:

"It shall not be lawful for any druggist or other person to retail or sell or to give away any cocaine, hydrochlorate or other salt of or any compound of cocaine, or preparation containing cocaine, or any salt (s) of or any compound thereof, excepting upon the written prescription of a licensed physician or licensed dentist, licensed under the laws of the State, which prescription shall only be filled once."

By information filed in the St. Louis Court of Criminal Correction, defendant was charged with a violation of this section. He entered a plea of not guilty and was put upon his trial, which resulted in a verdict of guilty. A timely motion for new trial proving of no avail, he appealed to this court.

The issues were submitted to the court sitting as a jury. No declarations of law were asked or given. Hence there is nothing before us for review, except the evidence and if there is substantial evidence to support the verdict of the court, it is our duty to affirm the judgment, and this is so even though we might be of opinion that the verdict is against the weight of the evidence. The evidence as a whole tends to show about the following state of facts: Defendant was a regular, licensed and registered physician and conducted a drugstore at No. 1714 Wash street, in the city of St. Louis. King Rogers, the prosecuting witness, on the night of May 21, 1907, went to the defendant's drugstore and called for cocaine; defendant went behind his prescrip-

tion case and returned with a box containing cocaine and handed it to Rogers, who paid him ten or twenty cents and walked out of the store.    As he stepped out of the door, two police officers, who had been ordered by the chief of police to watch defendant's sto-e for the sale of cocaine, arrested Rogers and took the box of cocaine from him.    The box was produced in evidence on the trial.    Rogers testified he was a cocaine fiend and had been in defendant's drugstore on a previous occasion and told him he had acquired the habit, and defendant wrote out a prescription and furnished him with the drug, but that on his visit on May twenty-first, he simply asked for the drug and defendant gave it to him.    Defendant testified that habitual users of cocaine are more or less delirious when deprived of it; that Rogers first came to him in March, 1907, and consulted him as a physician and told him he was a cocaine fiend; that at the time Rogers was on the verge of delirium and he prescribed cocaine for the purpose of giving him temporary relief; that he was nervous on May twenty-first when he came in and called for cocaine, and being acquainted with his habit and condition, he went behind the prescription case, wrote out a prescription for the drug, filled it and handed the drug to Rogers, who paid him twenty cents for it and walked out of the store.    The prescription was offered in evidence and is as follows:

"Rx. King Rodgers, Cocaine Hyd.
grs. XII                                25c
        As directed
    1199-5-22-07.
        "Dr. WILLIS."

Defendant testified that the date of the prescription was a mistake.

A regular, registered and practicing physician may at the same time be the proprietor of a drugstore and a registered pharmacist, and may fill, from his stock

of drugs, a prescription calling for intoxicating liquors and such poisonous drugs, including cocaine, as can only be sold on prescription. - [State v. Carnahan, 63 Mo. App. 244; State v. Pollard, 72 Mo. App. 230.] He cannot sell these articles and afterwards fill out a prescription to cover the sale. [State v. Hensley, 94 Mo. App. 156, 67 S. W. 964.] The date of the prescription offered in evidence was a day later than the day on which the cocaine was sold, and the court was warranted in finding the prescription was not made out and signed before the drug was furnished, and we conclude there is substantial evidence in support of the verdict of the court.

The judgment is affirmed. All concur.